ILLINOIS CENTRAL RAILROAD COMPANY *v.* WILLIAM CRUDUP, ADMINISTRATOR.

1. RAILROAD COMPANY. *Killing person in Tennessee. Action for damages by administrator in this State.*

   An action for damages for the wrongful killing of a person in the State of Tennessee, the right to which, in that State, is vested in the administrator of the estate of the deceased, may be brought in this State by an administrator appointed under our law, even though such administrator would not have the right to sue had the wrong occurred in this State.

2. SAME. *Killing person in Tennessee. Damages to deceased and to next of kin recovered in one suit.*

   Under the statutes of Tennessee, which confer a right of action upon the personal representative of a decedent whose death is caused by the wrongful act or omission of another, for the wrong sustained by the deceased, and a right of action upon his next of kin for the injury resulting to them from his death, when the next of kin of such decedent is the sole distributee of his estate and the administrator thereof, he may recover damages on both of the grounds above mentioned in one suit.

3. SAME. *Action for killing person. Damage to next of kin.*

   Under a statute which gives to the next of kin a right of action against a party for the injury resulting to them from the wrongful killing of a relative, punitive damages cannot be recovered unless expressly provided for in such statute.

4. SAME. *Exemplary damages for killing person. Total disablement. Statutes of Tennessee construed.*

   Under the Tennessee statute which provides that the administrator of the estate of a decedent wrongfully killed by another, or the next of kin by the use of his name, may, in right of the deceased, recover damages for mental and physical suffering, loss of time, and necessary expenses, exemplary damages cannot be recovered; and it is error for the court to instruct the jury that total disablement for the decedent's period of expectancy of life before the injury may be taken as the standard of measurement of the damages recoverable.

5. SAME. *Acceptance by mail agent of pass. Whether releaving company of risk. Consideration. Public policy.*

   The acceptance of a "free ticket" by a mail agent running on a railroad, conditioned that he shall take all risk of injury on such road, is not a waiver of his right to damages for an injury occasioned by the negligence of the company's servants, for as the company receives compensation from the government for transporting the mail agent, such waiver would be without consideration, and, too, such contract of waiver would be against public policy.

6. RAILROAD COMPANY. *Killing of person. Action by next of kin. Damages. Evidence of pecuniary condition of plaintiff.*

   C., who was twenty-four years old, was killed by a railroad company. The father of C., as the next of kin, brought an action against the company for damages under a statute which gave the right to the next of kin to sue for such injury. *Held,* that evidence of the pecuniary condition of the father was competent as affording some aid in fixing the amount of damages suffered by him.

7. SAME. *Action against for killing person. Evidence of expectation of life.*

   But, in such, case, it is error to admit in evidence mortuary tables showing the expectation of life of the deceased (when living), as it is the expectation of life of him who would soonest die, in the ordinary course of nature, which should be made the basis of the award of damages. The expectation of the father being presumably shorter than the son's, the expectancy of the plaintiff should have been shown instead of that of the deceased.

APPEAL from the Circuit Court of Montgomery County.

HON. C. H. CAMPBELL, Judge.

The case is stated in the opinion of the court.

*W. P. & J. B. Harris,* for the appellant.

1. The motion in arrest of judgment should have been sustained. The want of a right of action in the given case is matter of substance not cured by the Code of 1880. The action is not brought for the use of any person. It could not be brought for the use of the mother and brothers and sisters, here or in Tennessee.

In case of injuries resulting in death, if there is a father or any one of the group of persons mentioned in *our* statute as succeeding to the right of action, an administrator appointed by our laws on the estate of the deceased cannot sue. He certainly cannot sue for the benefit of any one of the class designated. The recovery in such cases does not go to the estate.

We have no general statute authorizing suits by administrators for the benefit of a class of persons designated as beneficiaries under laws giving rights of action in the special case of injuries resulting in death.

Our laws provide only for the administration of the estates of deceased persons, regardless of the manner of their death, primarily for the payment of debts, and secondarily, for the distribution

of the surplus. If the surplus arises from assets having a *situs* here the distribution is necessarily according to our peculiar law, with its provisions for support of family for a year and its privileged claims. If it has no *situs* here, as lately held by this court in the case of choses in action, the surplus is distributed according to the law of the domicile of the deceased. *McPike* v. *Carroll*, 53 Miss. 569 ; *Speed* v. *Kelly*, 59 Ib. 47.

There can be no difference in result founded on the words of the statutes of the various States. "Shall be liable notwithstanding the death " means that the liability shall not become extinct. It *survives* against the wrongdoer and in favor of certain persons, and the words "shall not abate or be extinguished " but "pass " to certain persons mean the same thing. The wrongdoer shall make reparation, notwithstanding the death, to the chief sufferers by the calamity, but not to the estate of the deceased.

2. The court erred in excluding the evidence tending to show that the deceased traveled on a pass free of charge, and with the condition that he would take the risk of accidents from negligence.

It was not contrary to public policy. Our own law exempts railroad companies from liability for ordinary negligence where passengers ride on freight trains, as cattlemen and others, and where they accept free passes with such conditions. Code, § 1054.

Neither this contract, nor any other, could exempt the company from gross negligence, but it was good as far as other negligence was concerned.

3. It was error to exclude evidence of the pecuniary condition and resources of the father and mother, and of their ability to maintain themselves and their minor children. On the point of the reasonableness of any expectation of assistance no legal obligation rested on him to provide for them, and his death was not a damage to them in a pecuniary sense. Under the Tennessee act of March, 1883, the recovery, by the express terms of the act, shall extend : first, to the damages resulting to the deceased, *i. e.*, pain and suffering, loss of time, and necessary expense ; the right of action of itself carries with it the recovery for these ; second, to the dam-

ages resulting to the kindred.   The right of action does not carry with it a right to damages under the second head unless it shall appear that actual pecuniary loss resulted.   Under the first head it is only necessary to be of the class favored in order to recover, but under the second head it is necessary to prove damage, just as it would be under our code should the father of an adult son seek to recover for his death.   We think legal right, or deprivation of legal right, alone constitutes damage.   But there are cases which hold that a well-grounded expectation of assistance by *needy parents* in such case gives a right to recover for the deprivation of that.   Cooley on Torts 271, 272, 273, and cases cited there.

This expectation must have a reasonable basis, some solid support, and be of some definite dimensions.   Shearm. & Red. on Neg. 671.

As the assistance is voluntary, springing from a sense of duty only, it would be reasonable if the parents were needy, but unreasonable if they were wealthy or independent of assistance.   A young man with well-to-do parents, having in view his own future, a family of his own in view, would feel no constraining influence to give up his moderate net earnings as a permanent contribution to parents or kindred who do not need it.   The act, to have a reasonable operation, must mean actual damage, not disappointment, not vague hopes of casual gratuities.   If the father is next of kin what damages, measured by a legal pecuniary standard, does he suffer from the death of a son twenty-four years of age?

4. It was error to admit Carlisle's tables for any purpose.   No one but a party having a legal claim to life services or a life support, as a widow suing for self and children, or some one of the class entitled under the statutes having a fixed and definite income for the life, and of the class entitled, can make these tables the basis of an estimate of damages to him or her.

The cases in which these tables have been allowed to be used are cases of widows suing for the death of husbands.   52 Ill. 290; 53 Md. 542; 41 Ga. 223.

5. Where the kindred recover their damages (in many cases equivalent to a substantial life annuity) such damages may well be

taken as in lieu of punitive damages where the purpose is to give them substantial damages ; though the statutes might include punitive damages by express terms, they are generally, nay, universally, held to be excluded.   Such damages are not mentioned in the enumeration, and neither that element, nor any other, can be supplied by construction.

It is obvious that the framers of the act of 1883 did not proceed on the idea that the net earnings for the expectant life of deceased could be recovered as damages to him or his estate.   That act was passed after professional opinion had reached maturity through much controversy about this peculiar action (§ 8, La. 96).

The original law of Tennessee had been interpreted as embracing certainly, in the recovery authorized, those damages which resulted to the deceased.   The contest was whether it embraced more.   Everywhere else the remedy given to kindred had been held as certainly covering the claim which he, she, or they might show they had on the future earnings of the injured party, which death had converted into a loss or damage to them, and not a damage to deceased.

*W. P. Harris*, for the appellant, argued the case orally.

*Woods & McIntosh*, for the appellee.

1. The proposition on which we rest is, that when a right of action had become fixed, and a legal liability incurred, that liability may be enforced and the right of action pursued in any court having jurisdiction of such matters, and which can obtain jurisdiction of the parties, provided, only, such right of action and the remedy therefor be not contrary to public policy.   In other words, the comity of States requires that the courts of one State shall afford the remedy for the enforcement of a liability fixed under the laws of another State.   The presumption in such cases is, that the State in which the remedy is invoked tacitly adopts the laws of the other State under whose statutes the right of action arose and the liability was fixed.

Under the statutes of the State of Tennessee it is alleged that a right of action accrued to this plaintiff as administrator of Geo. A. Crudup, deceased, to recover damages for the wrongful act of the

defendant corporation, which resulted in the wounding and subsequent death of plaintiff, intestate, and we assert, without fears of refutation, that this action may be asserted in any court in this State having jurisdiction of such matter.

It will hardly be contended that the doctrine set up in *Woodward* v. *Railroad Co.*, 10 Ohio ; *Richardson* v. *Railroad Co.*, 98 Mass. ; *McCarthy* v. *Railroad Co.*, 18 Kansas, and *Taylor* v. *Penn. Railroad*, 78 Ky., in all its unreasonable and illogical rigidity, is the law of this State. See *Denning* v. *Railroad Co.*, 103 U. S. 11–21 ; *Leonard* v. *Columbia Steam Navigation Co.*, 84 N. Y. 48 ; *Herrick* v. *Minn. Railroad Co.*, 31 Minn. 11, Am. Reports 771 ; *Bruce's Admr.* v. *Cin. Railroad*, not yet reported but published in Kentucky Law Reporter for August, 1885, p. 59 ; *Doyle* v. *Chicago Railroad*, 60 Miss. 983.

2. That it was not error in the court below in sustaining objection of plaintiff as to the testimony to the free pass, see 18 American and English Railroad Cases, note on page 170 and the long list of authorities there cited.

3. Appellant complains because the court below refused to permit testimony to go to the jury, showing the pecuniary condition of the plaintiff. That there was no error in this, we beg to refer the court to the opinion of C. J. Cooly in the case of *Chicago & N. W. R. R. Co.* v. *Bayfield*, 37 Michigan Reports 214 *et seq.*

4. But it is contended that it was improper to introduce the mortuary tables, and that so much of the instruction as authorized the jury to take them into consideration in reaching their conclusion as to the loss sustained by the next of kin was error. If it be proper to show the age, habits, business qualifications, moral character, and capacity for earning, then surely it was proper to show the reasonable expectancy of his life, for, under the Code and Act of December 14, 1871, the next of kin has the right to recover what he could have recovered if he had been permanently disabled, but not killed.

*J. R. McIntosh*, of counsel for the appellee, argued the case orally.

*Somerville & McLean*, on the same side.

1. We confidently submit the capacity of plaintiff to sue as administrator. But if mistaken in this, we submit that the objection, assigned, as it was, in support of the motion in arrest of judgment, was cured by the verdict, being at most a defect of form. This seems undeniable, since, under the laws of Tennessee, the father is the next of kin. For it appears from the record in the case at law that the father of the deceased is the administrator and plaintiff in the action. If he be entitled to recover as an individual, the addition showing his office as administrator will be treated as *descriptio personæ* and regarded as immaterial.

2. On the subject of damages the laws of Tennessee must govern. It is there held that the cause of action provided in such case for the administrator of the party who dies in consequence of the injury is the same cause of action which the deceased might have maintained had he survived the injury. *Fowlkes* v. *R. R. Co.*, 5 Baxter 664. In the same case the court says: "Where the injury permanently disables the party for life, the injury, in a pecuniary sense, would be the same as if death had ensued."

Section 2291, Rev. Code Tenn., 1871, secures to the personal representative the right of action which the deceased had while living after the injury. If it be the same cause of action, then the right to recover exemplary or vindictive damages follows as an incident.

The effect of the manuscript opinion in the case of *C., St. L. & N. O. R. R. Co.* v. *Tombs,* manuscript opinion of the Supreme Court of Tenn., April term, 1883, is to approve the definition of actual damages contained in the instruction there considered, to wit: "Actual damages consist of the mental and bodily sufferings of the deceased, his loss of time, and necessary expenses immediately resulting to the deceased from the personal injuries, and also the pecuniary loss his death has caused his children if any, etc."

This instruction was held bad simply for the reason that the court refused to give the act of 1883 any retroactive operation. As to injuries occurring in Tennessee since its passage, it is a correct definition of *actual damages.*

COOPER, C. J., delivered the opinion of the court.

George A. Crudup, an unmarried son of the appellee, was fatally injured in a collision between two trains of the appellant at a point in the State of Tennessee, and died a few days thereafter from the effect of such injury. He was serving upon one of the colliding trains as mail agent and was in the performance of his duty at the time. The appellee, who, as father, is by the laws of Tennessee sole distributee and next of kin of the deceased, secured letters of administration upon the estate of the son in this State and brought this action to recover the damages which were sustained by the son, as well as those which have resulted to himself as next of kin by reason of the death.

The statutes of Tennessee which confer the right to maintain the suit are as follows : "The right of action which a person who dies from injuries received from another, or whose death is caused by the wrongful act or omission of another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by his death, but shall pass to his personal representative for the benefit of his widow and next of kin, free from the claims of his creditors."

"The action may be instituted by the personal representative of the deceased, but if he decline it the widow and children may, without the consent of the representative, use his name in bringing and prosecuting the suit on giving bond and security for costs, or in the form prescribed for paupers." Code of Tenn., §§ 2291 and 2292.

By the laws of 1883 it was provided, "Where a person's death is caused by the wrongful act, fault, or omission of another, and suit is brought for damages, as provided by §§ 2291 and 2292 of the code, the party suing shall, if entitled to damages, have the right to recover damages for the mental and physical suffering, loss of time, and necessary expenses resulting to the deceased from the personal injuries, and also the damages resulting to the parties for whose use and benefit the right of action survives from the death consequent upon the injuries received."

It is contended by the appellant that suit may not be brought

in this State by an administrator appointed here because, as is said, the statute of Tennessee cannot operate extra territorially, and cannot therefore confer a right upon an officer appointed by the courts of this State, and that our statutes giving actions under similar circumstances do not recognize the administrator as the proper party to sue.

The proposition contended for is sustained by the courts of Ohio (*Woodward* v. *R. R. Co.*, 10 Ohio); Massachusetts (*Richardson* v. *R. R. Co.*, 98 Mass.), and Kansas (*McCarty* v. *R. R. Co.*, 18 Kansas). But the Supreme Courts of the United States, of Minnesota, New York, and Kentucky hold the contrary view, and, as we think, with better reason. *Dennick* v. *R. R. Co.*, 103 U. S.; *Leonard* v. *Navigation Co.*, 84 N. Y.; *Herrick* v. *R. R. Co.*, 31 Minn.; *Bruce's Admr.* v. *R. R. Co.*, manuscript opinion of Supreme Court of Kentucky.

In a certain limited sense it may be said that the action which survives, survives as a part of the estate of the deceased, and that the recovery had is assets of the estate, for though it is freed from liabilities to creditors it is distributable to persons who take as distributees of the deceased, and prior to the act of 1883 the Supreme Court of Tennessee declared that the recovery was a part of the estate.

Whether by the act of 1883 a new right of action was given, and whether two suits may be brought, one by the administrator for the injury to the deceased, and another for the damages suffered by the next of kin by his death, we do not find it necessary to decide, it being sufficient to say that we see no reason why the damages of both classes may not be recovered in one action. The rights of action if separable arise from the same facts, the negligent injury and death. The right to sue for either class, is vested in the same person, and the recovery had is distributable to the same class. Whether, then, the damages awarded by the statute to the next of kin for the injury sustained by them by the *death* be regarded as a new right, different and distinct from their right to recover for themselves for the *injury* inflicted on the deceased and conveying with it the right to a separate action, or whether it

be a mere graft upon and enlargement of the other, we can perceive no reason why the suit may not be brought and a full recovery had in one action. It then being true that a part of the damages recoverable are for injuries to the deceased and for a diminution of his estate by expenditures made necessary by the negligent injury, the action must be, as it seems to us, maintainable here, even under the decisions of Ohio, Massachusetts, and Kansas.

The instructions given and defined in the court below are exceedingly voluminous, and it is unnecessary to set them out in detail. The substantial propositions advanced by those given for the plaintiff were, that if the killing was by the negligence of the defendant's servants, the plaintiff should recover, and that the jury should award damages for the loss of time of the deceased between the injury and his death, and the expenses resulting to the deceased from the injury, and for the mental and physical suffering of deceased, and for the pecuniary injury inflicted on the next of kin by the death of deceased, and in measuring such damages the jury was told that it might consider the injury to deceased as having resulted in his total disablement instead of death. And the jury was further instructed that it might, in its discretion, award exemplary damages if satisfied from the evidence that the collision occurred through the gross negligence of defendant's employees.

The instructions are erroneous in so far as they inform the jury that exemplary damages are recoverable in this suit, and in so far as they instruct the jury that it could measure the damages resulting from the *death* by the standard of total disablement of deceased. It is well settled that, under statutes giving to the next of kin actions to recover the damages which *they* have sustained by the *death* of the deceased, punitive damages cannot be awarded unless expressly provided for.

The plaintiff, therefore, must recover such damages, if at all, under that clause of the statute which preserves, for their benefit, the right and cause of action which accrued to the deceased and for which he might have recovered if death had not ensued.

It becomes important here to notice the history of judicial deci-

sion by the courts of Tennessee in construing the code provisions prior to the enactment of the act of 1883.

In *L. & N. R. R. Co.* v. *Burk's Admr.*, 6 Cold. 45, it was held that the statutory right promised to the next of kin was only that which had accrued to the deceased, and consequently that nothing could be recovered for the injury inflicted upon the next of kin, and since in that case the death was instantaneous, that there was no right of action in the deceased, and no recovery could be had. In *N. & C. R. R. Co.* v. *Prince,* 2 Heisk. 580, this decision was overruled, and it was ordered "That the representative of the deceased has a right to recover *damages sustained* by his widow and children in consequence of his death, whether the death resulted instantaneously or not." To the same effect are *N. & C. R. R. Co.* v. *Smith,* 6 Heisk. 174 ; *R. R. Co.* v. *Straus,* 9 Heisk. 12 ; *Collins* v. *R. R. Co.,* 9 Heisk. 841.

These cases were in turn overruled, in so far as they decided that the injury to the next of kin could be considered, by *Trafford* v. *Express Co.,* 8 Lea 96, so also *R. R. Co.* v. *Smith,* 9 Lea 470.

In *Folkes* v. *R. R. Co.,* 9 Heisk. 829, in speaking of the measure of damages for the injury inflicted *on the deceased,* it was said : " When the action is brought by the party himself damages might in a proper case be given to the same extent as if death had ensued, *i. e.,* when the injury disables the party for life ; in such a case the injury, in a pecuniary sense, would be the same as if death had ensued." Death and total and permanent disablement were thus suggested as equivalents, and in *Smith* v. *R. R. Co.,* 5 Lea 470, and *R. R. Co.* v. *Gurley,* 12 Lea 46, it was said in effect that the next of kin, taking the right of action which pertained to the deceased, and *that only,* might recover for the death of the deceased by treating his death not as death but as its supposed equivalent— total disablement for life—thus, it seems, making the damages inflicted on the deceased by *his own death* a part of his estate, and recoverable as such in an action brought for the benefit of his next of kin under the statute.

The correctness of this result has been questioned by the supreme court of that State, and it seems to have been adhered to rather

in regard to the rule of *stare decisis* than from approval of the principle.

The act of 1883 was passed in this condition of decisions, and its obvious purpose and effect is to settle by legislative declaration the measure of damages in this class of cases; it declared by enumeration exactly what damages the next of kin might recover in right of the deceased, and these are just what at common law the deceased might of right have recovered, to wit: "damages for mental and physical suffering, loss of time, and necessary expenses." The right of the deceased to recover exemplary damages, if that may be called a right which lies in the discretion of the jury to award or withhold, is not included in the enumeration, and with it must fall, in our opinion, all the damages which can be recovered by the next of kin in *right of the deceased*. As will be seen by the cases above cited, the rule that the death of the deceased might be treated as his permanent disablement was applied as one to measure the damages which *he* had sustained, and for the same reason that exemplary damages are excluded it must be, viz.: that it is not now applicable, since the statute itself declares expressly just what is the measure of damages.

The court properly excluded the evidence proposed by the defendant to show that the deceased had accepted a "free ticket," by which he relieved the company from liability for the negligence of its servants. By their contract with the government the company received compensation for transporting both the mail and its custodians, and there would have been no consideration for the obligation entered into by the deceased to waive damages, and in addition to this it may be added that such a contract is against public policy; the duty which common carriers owe to all persons carried by it, viz.: not to be guilty of negligent injury, is one against the breach of which they may not protect themselves by private contract.

The evidence offered by the defendant to show the pecuniary condition of the plaintiff should have been admitted. It is well settled that the injury for which the next of kin may recover as suffered by themselves and not by the deceased must be pecuniary

injury alone, and though, as has been said, "a dollar is a dollar, neither more nor less, whether going to a poor man or a rich one," it is yet true that in these cases in which there is no legal obligation owing from the deceased to the next of kin, and only an occasional gratuity can reasonably be expected, the circumstances and pecuniary condition, both of the deceased and the next of kin, are important as furnishing some light for the explanation of what is at best an uncertain and hypothetical field of investigation. It must, in any event, be a matter of conjecture to a greater or less extent what contributions a father might reasonably expect to receive from an adult son if the circumstances of the son are such that he can without serious detriment to his own prospects in life contribute materially to the comfort of a needy parent; the common experience and observation of mankind would lead to the belief that more liberal contributions would be made than could be expected if the pecuniary condition of the parties was reversed. It seems to us that a satisfactory determination of the reasonableness of an expectation of this character can only be approximated by a consideration of all the circumstances which would impel the one to give or withhold, and the other reasonably to expect to receive, the contributions contemplated by the statute as the basis of damages.

The court erred in permitting the plaintiff to introduce the mortuary tables to show the expectation of life of the deceased, for it is only in reference to the injury which the next of kin have sustained by the death of the deceased that it becomes material to consider the expectation of either the deceased or the next of kin, and if it can be shown that the expectation of the next of kin is less than that of the deceased, it is their expectation which is to be made the basis of the award of damages. In all cases of this character it must be the expectation of that one who would soonest die which should control. If it be shown that the deceased in the course of nature would have died first, his expectation of life should control, for he could confer no benefit after his death; on the other hand, if the next of kin would die first, his expectation should govern, for he could not receive a benefit from any one after his

death. Since the plaintiff, the father of the deceased, would by all known probabilities have died in the course of nature before his son, his expectancy and not that of the son should control. It has been held in some cases that where the right conferred by statutes of this class devolves on a parent and he sues for the injury and dies before final judgment, then the next succeeding kin of the deceased may sue, and in such cases recover in their own right as next of kin of the deceased and not as representatives of the first party suing. *David* v. *R. R. Co.*, 41 Georgia 223 ; *Taylor* v. *R. R. Co.*, 45 Cal. 323. But we are not aware of any case in which it has been held that one in whom the right exists may recover for his own injury and also for one that would have resulted to another person if he himself were dead. In Tennessee the father is next of kin to a son who dies unmarried and without children, and the brothers and sisters are excluded. Code of Tenn., § 2429.

*Reversed and remanded.*