George Ranney, Admr. v. St. J. & L. C. Rd. Co.

## GEORGE RANNEY, ADMR. v. St. J. & L. C. Rd. CO.

*Joinder of Counts where damages accrue to plaintiff in different rights.*

1. The mere fact that two causes of action do not accrue to a plaintiff in the same right, is no reason why they may not be joined in the same suit, for the court can instruct the jury to assess separate damages on the several counts.

2. So an administrator may join a count for damages done his intestate in life by the neglect of the defendant with a count for damages accruing to the window and next of kin by the death of the intestate also resulting from the negligence of the defendant.

Case for the negligence of the defendant. Heard upon demurrer to plaintiff's declaration at the December term, 1890, Caledonia county, Powers, J., presiding. Demurrer overruled. The defendant excepts.

The plaintiff brought suit as the administrator of Ruth Richards, and his declaration was in two counts. The first count alleged that the intestate was injured by the negligence of the defendant and in consequence thereof suffered much pain and was put to much expense for the space of twenty-four hours, at the expiration of which time she died of the wounds so inflicted. The second count alleged that the intestate was injured by the negligence of the defendant and in consequence of such injuries died, leaving next of kin for whose benefit the suit was brought. There was no allegation that the neglect counted upon in the two counts was the same.

The defendant assigned as cause of demurrer a misjoinder of counts.

*S. C. Shurtleff*, for the defendant.

The causes of action do not accrue to the plaintiff in the same right; hence there is a misjoinder. *Walker* v. *Sawyer*, 13 N. H. 191; *Willard* v. *Stevens*, 24 N. H. 276.

*Ide & Quimby*, and *W. P. Stafford*, for the plaintiff.

Both causes of action are in case and a joinder was proper. 1 Chitty Pl. 200.

An administrator may in the same suit recover in his own name and his representative right. *Haskell* v. *Bowen*, 44 Vt. 579; *Smith* v. *Salmon*, 91 Am. Dec, 711.

The opinion of the court was delivered by

TAFT, J. It is insisted that there is a misjoinder of counts. There is no practical reason why the counts may not be joined in one declaration. The causes of action in their own character are the same; are in respect of the same alleged negligent acts of the defendant; they admit of the same general plea, are supported by the same evidence save on the question of damages, require the same judgment, and must be enforced in the name of the same party, the personal representative of the deceased. It is said, Gould's Pl. c. 4. s. 93, that distinct causes of action, though of the same nature and between the same parties, cannot be joined unless they all accrue to the plaintiff in one and the same right. In this case the causes of action do not accrue to the plaintiff in one and the same right; under one count they accrue in the right of the intestate, under the other, in right of the wife and next of kin. But the principal reason of this common law rule was, that on the finding of entire damages, it would not appear from the record how much of the amount found was assessed as assets in right of the intestate and how much in right of the wife and next of kin; the two claims belonging in fact to different persons.

The defendant's counsel argues that " in the absence of statutory regulations or the agreement of the parties, the court cannot instruct the jury to divide the damages," but under our

practice the court can instruct the jury to assess the damages under each count separately.

Our statute, s. 996, R. L., enacts that "the jury in the trial of a civil cause may find a special verdict agreeably to the usages of law," and causes are frequently tried with special findings only, with no general verdict. The objection, "that the rule in regard to costs on the two counts being different in the event of the suits failing," is not tenable, as the rule is the same ; the administrator can undoubtedly protect himself against costs in the event of the failure of the suit, by requiring indemnification from the beneficiaries, and in the event of a recovery, the statute, s. 2140, R. L., gives him the right to deduct the costs and expenses of prosecution from the damages before paying them over to the persons entitled thereto ; and Mr. Gould says in the section cited, that the consideration as to costs seems not now to be regarded as decisive. The reason of the rule ceasing, the rule itself ceases.

Where several rights of recovery can be enforced as well by one action as by several, a joinder of them is advantageous, and favored by the policy of the law. It is unreasonable that the defendant should be harrassed with several suits, if one will answer all the purposes of justice ; such a course is vexatious and oppressive.

*Judgment affirmed and cause remanded.*