NEMECEK, Administratrix, Respondent, vs. FILER AND STO-
WELL COMPANY, Appellant.

*October 7—October 24, 1905.*

*Joinder of causes of action: Personal injuries: Pain and anguish:
Subsequent death.*

A cause of action to recover for pain and anguish suffered by
plaintiff's intestate as the result of personal injuries caused by
defendant's negligence may be joined with a cause of action
to recover the pecuniary loss to the parents of the intestate by
reason of his subsequent death resulting from such injuries.

APPEAL from an order of the circuit court for Milwaukee
county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

For the appellant the cause was submitted on the brief of
*Hoyt, Doe, Umbreit & Olwell.*

For the respondent there was a brief by *Churchill, Bennett
& Churchill,* and oral argument by *W. H. Churchill.*

WINSLOW, J.   The plaintiff, as administratrix of the es-
tate of one John Nemecek, deceased, brought action for the
recovery of damages against the defendant corporation, and
set forth in her complaint two separate causes of action.   The
first of said causes of action was to recover damages for the
pain and anguish suffered by her intestate as the result of
injuries received by him while at work as an employee in the
defendant's machine shop and caused by defendant's negli-
gence; the second, under Stats. 1898, secs. 4255, 4256, to
recover the pecuniary loss resulting to the father and mother
of the intestate by reason of the subsequent death of the intes-
tate as the result of the same injuries.   A demurrer to the
complaint on the ground that several causes of action had
been improperly united was overruled, and the defendant ap-
peals.

The question whether these two causes of action may be
properly joined in the same complaint is now first presented

to this court.   It is settled in this state that a cause of action for personal injuries survives the death of the injured person; that it is to be prosecuted by the personal representative; that the damages recovered in such action are confined to those suffered by the deceased prior to his death, and go into the general fund of the estate of the deceased; that the action for the death is also to be prosecuted by the personal representative; that the damages in this latter action are limited to the pecuniary loss sustained by the relatives of the deceased named in the act, and must be paid over by the personal representative to such relatives.   *Lehmann v. Farwell,* 95 Wis. 185, 70 N. W. 170; *Brown v. C. & N. W. R. Co.* 102 Wis. 137, 77 N. W. 748, 78 N. W. 771.   We have been unable to perceive any good reason why these two causes of action may not be properly joined.   It is true that this court has held that actions which do not affect the plaintiff in the same capacity cannot be joined in the same action.   *Hawarden v. Y. & L. Coal Co.* 111 Wis. 545, 87 N. W. 472. That, however, is not this case.   The plaintiff sues as administratrix in both causes of action.   The elements of damages are different, the amounts of damage must be separately assessed by special verdict, and the sums recovered must go into separate funds; but, as was suggested in the *Brown Case, supra,* none of these considerations involve any serious difficulties in the trial of the two causes of action together.   It would seem to be better for both parties to dispose of the entire litigation in one action and upon one trial.   The law discourages rather than encourages multiplicity of actions. There is little direct authority on the subject, but such as there is favors this view.   *Ranney v. St. J. & L. C. R. Co.* 64 Vt. 277, 24 Atl. 1053; *Ill. Cent. R. Co. v. Crudup,* 63 Miss. 291.

*By the Court.*—Order affirmed.