Taft, J.,
dissenting. I concur in paragraphs one, two and three of the syllabus, dissent from paragraph four of the syllabus, dissent from the judgment in case *389 No. 32974 to the extent that it is based upon the conclusion that there was a misjoinder of causes of action, and concur in the judgment of reversal in case No. 32981.
The majority opinion states that “all authorities seem to hold that a cause of action for suffering and one for wrongful death arising out of the same wrongful act can not be joined without an enabling statute.” However, such joinder was approved without the aid of any enabling statute in Illinois Central Rd. Co. v. Crudap, Admr., 63 Miss., 291.
Furthermore, in Ranney, Admr., v. St. J. & L. C. Rd. Co., 64 Vt., 277, 24 A., 1053, it is said in the court’s opinion by Taft, J.:
“In this case the causes of action do not accrue to the plaintiff in. one and the same right; under one count they accrue in the right of the intestate, under the other, in right of the wife and next of kin. But the principal reason of this common law rule [preventing joinder] was, that on the finding of entire damages, it would not appear from the record how much of the amount found was assessed as assets in right of the intestate and how much was in right of the wife and next of kin; the two claims belonging in fact to different persons.”
After pointing out that the Vermont statutes authorized special verdicts and special findings, the opinion continues:
“The reason of the rule ceasing, the rule itself ceases.”
Such joinder was also approved in "Wisconsin on the ground that each of the causes of action affected the administratrix “in the same capacity.” Nemecek, Admx., v. Filer & Stowell Co., 126 Wis., 71, 105 N. W., 225. See, also, Koehler, Admr., v. Waukesha Milk Co., 190 Wis., 52, 208 N. W. 901.
Likewise,' such joinder has been approved in Ne *390 braska, where the pertinent part of the enabling statutes relied on were substantially identical with Sections 11306 and 11307, General Code. Hindmarsh, Admx., v. Sulpho Saline Bath Co., 108 Neb., 168, 187 N. W., 806; Rasmussen, Admx., v. Benson, 133 Neb., 449, 275 N. W., 674, 122 A. L. R., 1468. Such joinder has also been approved in Arkansas, where the statutes contain a requirement, with regard to affecting all parties to the action, substantially identical with that in Section 11307, General Code. Tillar v. Reynolds, 96 Ark., 358, 131 S. W., 969; Chicago, Rock Island & Pacific Ry. Co. v. Jenkins, 183 Ark., 1071, 40 S. W. (2d), 439.
The majority opinion refers to decisions from only one jurisdiction disapproving such joinder because of language similar to that found in Section 11307, General Code. See Bennett v. Spartenberg Ry., Gas & Electric Co., 97 S. C., 27, 81 S. E., 189; Grainger, Admr., v. Greenville, Spartenberg & Anderson Rd. Co., 101 S. C., 399, 85 S. E., 968. Those of the Massachusetts cases which disapproved such joinder were decided when there were no statutory provisions such as Sections 11306 and 11307,. General Code, and no other statutes enabling such joinder in that state.
The case of Bostrom v. Jennings, 326 Mich., 146, 40 N. W. (2d), 97, cited in the majority opinion, is not in point. As the majority states, the plaintiff in that case sued in his own name to recover for personal injuries to himself and damage to his property and also as administrator of his wife’s estate to recover for injuries to her and for her death. There were, as the court pointed out, two plaintiffs, the individual and the administrator. However, although the Michigan statute provides that “when there is more than one plaintiff, the causes of action joined must be joint,” it is held in Michigan that an administrator or executor *391 may join a cause of action which survives the death of his decedent with a cause of action for his wrongful death. Thus it is said in the court’s opinion by Bushnell, J., in Anderson v. Jersey Creamery Co., 278 Mich., 396, 270 N. W., 725:
“The hair-splitting distinctions between actions under the survival act * * * and the death act * * * have long vexed the profession and the courts. The rule has been approved that the two remedies may be joined in one action under separate counts and no election of remedies can be required. Carbary v. Railway, 157 Mich., 683, and Ely v. Railway, supra [162 Mich., 287, 127 N. W., 259].”
Even if a joinder of the cause of action vested in an administrator or executor “for pain and suffering endured by” a decedent with the separate cause of action for wrongfully causing the death of such decedent may prejudice the defendant, as I believe it may have in this action, it can hardly be argued that the General Assembly may not provide by statute for such joinder. The majority opinion apparently recognizes that it may, and likewise recognizes that, by Section 11306, General Code, it would have, except for the provisions of Section 11307, General Code, reading that: “The causes of action so united * * * must affect all the parties to the action.”
Admittedly, the only proper party plaintiff in an action to recover on the cause of action “for pain and suffering endured by” the decedent is the administrator or executor of the decedent. The statutes of Ohio, which create the right of action for wrongful death, provide that the only proper party in such an action is that administrator or executor. Section 10509-167, General Code. See, also, Sections 11241 and 11244, General Code.
Each of these two causes of action must necessarily *392 “affect” the administrator or executor of decedent because he is the only party who under the statutes of this state may maintain either of such actions.
How, therefore, can it possibly be said that both the action brought by the administrator or executor to recover “for pain and suffering endured by” the decedent and the action for his wrongful death which “must be brought in the name of” such administrator or executor do not “affect all the parties to the action,” i. e., the defendant and the administrator or executor as the only plaintiff?
As stated by Hart, J., in the opinion in In re Estate of Butler, 137 Ohio St., 115, at page 120, 28 N. E. (2d), 196:
“A party is one who has a right to control the proceedings, to make a defense and to adduce and cross-examine witnesses.”
In Nemecek v. Filer & Stowell Co., supra, it is said in the court’s opinion by Winslow, J.:
“We have been unable to perceive any good reason why these two causes of action may not be properly joined. It is true that this court has held that actions which do not affect the plaintiff in the same capacity cannot be joined in the same action. * * * That, however, is not this case. The plaintiff sues as administratrix in both causes of action. The elements of damage are different, the amounts of damage must be separately assessed by special verdict, and the sums recovered must go into separate funds; but * * * none of these considerations involve any serious difficulties in the trial of the two causes of action together. * * * There is little direct authority on the subject, but such as there is favors this view.” (Emphasis added.)
Section 11307, General Code, provides that “the causes of action so united * * * must affect all parties to the action.” It does not, as the majority opinion apparently holds, provide that it must affect all per *393 sons having an interest in the action. To hold that Section 11307, General Code, does so provide is to read legislative provisions into the statutes which they do not contain.
As stated by Hart, J., in the opinion in In re Estate of Butler, 137 Ohio St., 96, at page 113, 28 N. E. (2d), 186:
“A party as referred to in the statute [Section 11495, General Code] must be a party to the record and not simply interested in' the result of litigation. ’ ’
As stated in the opinion by Price, C. J., in Powell, Admx., v. Powell, Admx., 78 Ohio St., 331, at page 337, 85 N. E., 541: “The party referred to is a party to the action, and not one who may be interested in the results of the litigation; a party to the suit and so known on the record.”
To the same effect see Loney v. Walkey, Admr., 102 Ohio St., 18, 130 N. E., 158.
As to the wrongful death case (No. 32974), I concur in the judgment of reversal on the sole ground that the Court of Appeals improperly rendered final judgment therein for defendant. In my opinion, the evidence was such that reasonable minds could conclude either that decedent did or did not endure pain and suffering. That being so, a jury question was presented. If decedent had been unconscious to such an extent that he was completely immobile and silent until his death, the judgment of the Court of Appeals would have been justified. However, there is substantial evidence as to decedent’s thrashing around and endeavoring to pull the bandages off his head and as to his groans and as to administrations to him of morphine. In my opinion, in view of such evidence, it can not be said as a matter of law that decedent endured no pain and suffering after his injury and prior to his death.
Zimmerman, J., concurs in the foregoing dissenting-opinion.