No. 42,160

D. O. Concannon, Administrator of the Estate of M. Z. Hall, Jr., Deceased, *Appellee,* v. Ross Taylor, *Appellant.*

(360 P. 2d 1085)

Opinion filed April 8, 1961.

*Paul A. Wolf,* of Hugoton, argued the cause, and *J. S. Brollier,* of Hugoton, was with him on the briefs for the appellant.

*William R. Smith,* of Wichita, argued the cause, and *A. W. Hershberger, Richard Jones, William P. Thompson, H. E. Jones, Jerome E. Jones, Robert J. Roth,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Parker, C. J.: The plaintiff, as administrator of the estate of M. Z. Hall, Jr., deceased, commenced this action against the defendant, Ross Taylor, by filing a petition in the district court of Stevens County on September 6, 1959, for the exclusive benefit of the next of kin, to recover damages for the alleged wrongful death of his intestate decedent.

The facts leading up to the institution of the action are not in dispute and may be briefly stated.

M. Z. Hall, Jr., was employed on the defendant's farm in Stevens County from January, 1956, up to and including December 2, 1958. On the date last mentioned, while the defendant and Hall, in the course of his employment, were using liquefied petroleum gas to exterminate rodents from a building on the farm, Hall sustained serious burns when, for some undisclosed reason, the gas exploded

or ignited. Two days later he died from the burns sustained as a result of the accident.

Soon after it was filed defendant attacked the petition by a motion to strike and a motion to make more definite and certain. When these motions were sustained in part and overruled in part plaintiff filed an amended petition. Defendant then filed a demurrer to such pleading which was overruled. Thereupon, and before defendant had answered, plaintiff filed a second amended petition containing two purported causes of action. The first cause of action asserted a claim for personal injuries and pain and suffering sustained by the decedent for the benefit of decedent's estate. The second claimed damages for the exclusive benefit of the next of kin for the decedent's wrongful death.

After filing a demurrer, not here involved, defendant filed an amended demurrer charging that the first cause of action of the second amended petition failed to state facts sufficient to constitute a cause of action and that such pleading contained two causes of action improperly joined. The trial court overruled this demurrer. Thereupon defendant perfected the instant appeal where, under a single specification of error, he charges that the trial court erred in overruling the portion of his demurrer, based on the ground the second amended petition contained two causes of action which were improperly joined.

At the outset it should be stated we are not here concerned with any questions relating to the survival of the cause of action for personal injuries resulting in the death of appellee's intestate. All parties inferentially admit, if in fact they do not expressly concede, that since December 12, 1959, the law of this state has been that announced in *Prowant, Administratrix, v. Kings-X,* (on rehearing), 185 Kan. 602, 347 P. 2d 254, reversing *Prowant, Administratrix, v. Kings-X,* 184 Kan. 413, 337 P. 2d 1021, where it was held:

"A cause of action for personal injury survives the death of the injured party without any exception based upon the cause of death, all as provided in the statute relating to the survival of actions, G. S. 1949, 60-3201. The statements in the opinion of the case of *McCarthy, Adm'r, v. Railroad Co.,* 18 Kan. 46, and all subsequent references to the binding effect of the erroneous rulings of the McCarthy case are specifically overruled." (Syl.)

And in the opinion at page 603 said:

". . . Be that as it may, the majority of this court is convinced that the survival statute, G. S. 1949, 60-3201, means just what it says; that an action for personal injury survives the death of the injured party, and that the cause

of the death has no bearing upon the survival of the action . . ." (185 Kan. 602, supra.)

Nor are we required to labor any questions challenging the right of the appellee to maintain separate actions for the purpose of recovering the relief claimed in the two causes of action set forth in the second amended petition. Appellee asserts, and appellant makes no contentions to the contrary, that an action for personal injuries, pain and suffering must necessarily be brought in the name of the personal representative, if the injuries result in death, for the benefit of the estate; and that under the provisions of G. S. 1959 Supp., 60-3203, the action for wrongful death must also be brought in the name of the personal representative, if one has been appointed, for the exclusive benefit of the decedent's next of kin.

What has been heretofore related makes it crystal clear the only question of law presented by this appeal is whether two causes of action were improperly joined by the appellee administrator when, in the second amended petition, he joined a cause of action for wrongful death for the exclusive benefit of his decedent's next of kin with a cause of action for decedent's personal injuries for the benefit of the estate. Indeed, in his brief appellant asserts, to which assertion appellee impliedly agrees, that to his knowledge this court has never had the opportunity to pass on the question whether a cause of action for wrongful death could be united with a cause of action for personal injuries and pain and suffering, since no reason existed for this question to be raised until this court ruled (citing 185 Kan. 602, supra) that an action for personal injuries and pain and suffering survived the death of the injured party without exception.

In the main, as we understand them, appellant's contentions are based upon the premise that even though appellee, as the duly appointed and acting administrator of decedent's estate, is the only person authorized by statute to maintain an action on either of the causes of action set forth in the petition, he is nevertheless precluded from joining such causes of action in the same petition by reason of our joinder statute G. S. 1949, 60-601, which, so far as here pertinent, reads:

"The plaintiff may unite several causes of action in the same petition. . . . But the causes of action so united must affect all the parties to the action, except in actions to enforce mortgages or other liens."

In connection with his position appellant argues that appellee is the same person acting in two capacities in attempting to obtain

relief for different beneficiaries. Conceding appellee is the same person, we do not agree he is acting in two capacities. Actually, he is acting as administrator of the estate in each instance under statutory authority which gives him the right to maintain the involved causes of action. Moreover, there is nothing in 60-601, *supra,* which precludes him from attempting to obtain relief for different beneficiaries when, by statute, he is specifically authorized to do so. In that situation, keeping in mind that under allegations of both causes of action appellee is the only proper plaintiff and that appellant is the only proper defendant, it cannot be successfully argued, when the provisions of 60-601 are literally interpreted, that the causes of action united in the petition do not affect all the parties to the action as required by its terms. Support for this conclusion, and refutation of appellant's contention the heirs of appellee's intestate decedent are necessary parties and hence affected by the action, is to be found in the provisions of G. S. 1949, 60-403, the pertinent portions of which read:

"An executor, administrator, . . . or a person expressly authorized by statute, may bring an action without joining with him the person for whose benefit it is prosecuted. . . ."

Further support for such conclusion is to be found in our decisions (See, e. g., *White v. Toombs,* 162 Kan. 585, 178 P. 2d 206, and *Cornett v. City of Neodesha,* 187 Kan. 60, 62, 353 P. 2d 975.) holding that in an action by a married woman for damages for personal injuries caused by the negligence of a third party, and also to recover damages for the benefit of her husband for the same negligence, as authorized by G. S. 1935, 23-205 (now G. S. 1949, 23-205), it is not improper for her to frame her petition in two causes of action.

In our opinion, what has been heretofore stated is all that is required to sustain the trial court's action in holding that the second amended petition was not subject to a demurrer on the ground of improper joinder of causes of action. However, this decision need not be premised solely upon that basis. The majority rule, to which we adhere where the question has been considered and determined in foreign jurisdictions under conditions and circumstances similar to those here involved, as appellant with commendable candor frankly concedes, is that a cause of action for wrongful death and a cause of action for damages accruing under the survival statute may be joined. See 16 Am. Jur., Death, § 277, p. 193.

For a well considered decision, where our decisive question was considered under like, if not identical circumstances, see *Nemecek v. Filer and Stowell Co.*, 126 Wis. 71, 105 N. W. 225, where it is said:

". . . It is settled in this state that a cause of action for personal injuries survives the death of the injured person; that it is to be prosecuted by the personal representative; that the damages recovered in such action are confined to those suffered by the deceased prior to his death, and go into the general fund of the estate of the deceased; that the action for the death is also to be prosecuted by the personal representative; that the damages in this latter action are limited to the pecuniary loss sustained by the relatives of the deceased named in the act, and must be paid over by the personal representative to such relatives. *Lehmann v. Farwell*, 95 Wis. 185, 70 N. W. 170; *Brown v. C. & N. W. R. Co.*, 102 Wis. 137, 77 N. W. 748, 78 N. W. 771. We have been unable to perceive any good reason why these two causes of action may not be properly joined. It is true that this court has held that actions which do not affect the plaintiff in the same capacity cannot be joined in the same action. *Hawarden v. Y. & L. Coal Co.*, 111 Wis. 545, 87 N. W. 472. That, however, is not this case. The plaintiff sues as administratrix in both causes of action. The elements of damages are different, the amounts of damage must be separately assessed by special verdict, and the sums recovered must go into separate funds; but, as was suggested in the *Brown case, supra*, none of these considerations involve any serious difficulties in the trial of the two causes of action together. It would seem to be better for both parties to dispose of the entire litigation in one action and upon one trial. The law discourages rather than encourages multiplicity of actions. There is little direct authority on the subject, but such as there is favors this view. *Ranney v. St. J. & L. C. R. Co.*, 64 Vt. 277, 24 Atl. 1053; *Ill. Cent. R. Co. v. Crudup*, 63 Miss. 291." (p. 72.)

For a general discussion of the entire subject, where the majority and minority rules are discussed at length and numerous authorities cited, see 35 A. L. R. 2d, Anno. 1377 to 1393, incl.

What has been previously stated and held requires an affirmance of the trial court's action in overruling the demurrer to the second amended petition and it is so ordered.