LYNCH, Respondent, vs. TOWN OF WALDWICK, Appellant.

*November 19—December 13, 1904.*

*Highways: Injuries from defects: Contributory negligence: Evidence:
Instructions to jury: Carelessness.*

1. In an action for injuries from a defect in a highway, under the evidence, stated in the opinion, it is *held* that a situation was presented which warranted the jury in acquitting plaintiff of contributory negligence.
2. In an action for personal injuries caused by the negligence of defendant town in failing to keep its highways in repair, no error can be predicated upon refusing a requested instruction: "If the plaintiff placed himself in a position of known danger, when he might have avoided it, and while there received the injury of which he complains, he was guilty of negligence, although the danger may have been caused by the negligence of the town authorities," the court having instructed the jury that if plaintiff failed to exercise such care as the great mass of mankind ordinarily exercise under the same or similar circumstances, he could not recover.
3. Such requested instruction is incomplete and inaccurate in that it lacks two important qualifications essential to its accuracy: First, that the injury did actually result from the conduct of plaintiff, and, secondly, that an ordinarily prudent man should, under all the circumstances, have reasonably anticipated some injury as the result of such conduct.
4. Mere carelessness does not prevent recovery for the negligent acts of another, unless an ordinarily prudent man would have anticipated probability of some injury, nor can it defeat the action unless it did in fact contribute to the injury.

APPEAL from a judgment of the circuit court for Iowa county: GEO. CLEMENTSON, Circuit Judge. *Affirmed.*

Action for personal injuries due to defect in highway. Evidence tended to prove that plaintiff and his father-in-law, with the latter's team and sleigh, were hauling to plaintiff's farm a gasoline engine weighing about 1,500 pounds, inclosed in a crate of which the base was approximately two feet by four, and which was about four feet high, the principal weight of the engine being in the base; which was

placed longitudinally in the sleigh about the middle of the box, not secured in any way. At a place near plaintiff's residence there was a bridge, the approach to which was steep, being a rise of something over three feet in fifteen, with a log approximately four inches high laid at the immediate end of the planking of the approach, so that it formed an upright shoulder against which a vehicle would strike in coming up the grade. Plaintiff was familiar with the situation. As they reached the foot of this slope plaintiff got out of the sleigh, in which he was sitting behind the engine, and walked immediately behind. As the vehicle neared the top of the slope, he saw the engine commenced to tip, shouted "Whoa!" but momentarily the sleigh struck the log above mentioned, and the engine tipped over backward onto him before he could get away, causing him considerable personal injuries. The testimony of both himself and father-in-law is that the horses were being driven at a slow walk, and carefully; that they had passed over several steep places, and the engine had not shifted or tipped at all. Upon a general verdict in favor of the plaintiff, followed by the usual motion to set aside and grant a new trial, judgment was entered, from which the defendant appeals.

*Aldro Jenks,* for the appellant.

For the respondent there was a brief by *Fiedler & Fiedler,* and oral argument by *E. C. Fiedler.*

Dodge, J. Appellant's principal contention is that the evidence conclusively establishes contributory negligence either on the part of the plaintiff or on the part of Mr. Barry, who was driving the team. Negligence and contributory negligence are essentially and peculiarly questions for the jury. They involve not only a decision upon the credibility of the testimony, and deduction therefrom as to the physical facts and the actual conduct, but also an inference of negligence or due care from such facts and conduct. *Warden v. Miller,* 112

Wis. 67, 70. In the consideration of such contention as now made by appellant, of course the evidence must be given its utmost force in favor of the plaintiff, and all reasonable inferences must be indulged in his favor. Only when this court can say that there is no conflict of credible evidence as to the facts, and that from those facts, taken most adversely to the appellant, no reasonable mind could draw the inference of ordinary care, can such contention be sustained. We do not feel that such a situation is here presented. There was evidence that the team was being driven carefully and slowly; that the engine itself was so constructed, balanced, and situated as to render its capsizing improbable; that it had been subjected to various experiments in course of the journey, all tending to allay any fear of such event. The plaintiff did not forego all precautions, but, realizing that the place in question was a difficult one, he withdrew from a position of special proximity to the engine, and, doubtless partly to lessen the load and partly also to be further from the engine, got out of the sleigh and walked behind. With the team thus moving and apparently under control, we cannot say that the inference is beyond question that he, as an ordinarily prudent and intelligent man, should have foreseen the probability of the engine tipping over so suddenly as to injure him. The conduct of the ordinarily prudent man is quite as much within the experience and knowledge of jurymen as of courts, and their decision has been subjected to criticism before the trial judge, who has refused to disturb it. We cannot feel justified, upon this record, in reaching a different conclusion.

Appellant also assigns as error refusal of an instruction that, "if the plaintiff placed himself in a position of known danger, when he might have avoided it, and while there received the injury of which he complains, he was guilty of negligence, although the danger may have been caused by the negligence of the town authorities." The instruction in fact given was that, if he failed to exercise such care as the great

mass of mankind ordinarily exercise under the same or similar circumstances, he could not recover. Doubtless it would have been entirely proper for the court to have instructed the jury that a knowledge of danger was one of the surrounding circumstances and conditions which would require a higher measure of care or precaution than if such danger were not known; but under familiar rules no error can be predicated upon the refusal of a requested instruction, unless it be complete and accurate in itself, so that it can be given in the words of the request. Sec. 2853, Stats. 1898; *Schroeder v. W. C. R. Co.* 117 Wis. 33, 42, 93 N. W. 837; *Taylor v. Seil,* 120 Wis. 32, 97 N. W. 498. This requested instruction lacks two important qualifications essential to its accuracy: First, that the injury did actually result from the conduct of the plaintiff; and, secondly, that an ordinarily prudent man should, under all the circumstances, have reasonably anticipated some injury as the result of such conduct. Mere carelessness does not prevent recovery by the plaintiff, unless it be negligence; that is, unless an ordinarily prudent man would have anticipated the probability of some injury. *Rhyner v. Menasha,* 107 Wis. 201, 208, 83 N. W. 303. Nor can it defeat the action unless it did in fact contribute. *Cummings v. National F. Co.* 60 Wis. 603, 616, 18 N. W. 742, 20 N. W. 665. No error was committed in refusing the request.

*By the Court.*—Judgment affirmed.