BUCHMAN, Appellant, vs. JEFFERY and another, Respondents.

*February 18—May 8, 1908.*

*Master and servant: Contributory negligence: Sufficiency of evidence:* *Excluding evidence of general custom: Nonprejudicial error:* Res inter alios acta: *Distinction between instructions asked and charge of court.*

1. In an action for an injury to plaintiff's hand caused by its being crushed under a drop hammer which he was assisting to operate, the evidence is *held* sufficient to sustain the jury's finding of contributory negligence.

2. In such an action the rejection of evidence from other employees of a general custom for the operators to insert their hands under the hammer to remove objects being worked upon, *held* not prejudicial error, as each of the operators was permitted to testify as to his own practice so to operate the machine.

3. In such an action the exclusion of questions to several operators as to whether they had been instructed by the foreman or superintendent so to operate the machine was not error, as such instructions were *res inter alios acta.*

4. A charge with reference to assumption of risk by an employee in the use of a drop hammer, to the effect that it was not necessary that defendant should have pointed out to plaintiff every possible way in which he might have been injured by the machine, *held,* in connection with the entire charge, not to have imposed upon plaintiff a duty to search for latent or hidden defects, and hence no error was committed in denying a requested instruction that no such duty existed.

5. At defendant's request the court charged the jury, with respect to a question of a special verdict asking whether plaintiff was wanting in the exercise of ordinary care which contributed to his injury, that if, in answering such question, they found that plaintiff failed to exercise ordinary care even in the slightest degree their answer should be affirmative. *Held,* in view of the fact that the question required the jury to find only negligence which did in fact contribute, and in view of the association of this portion of the charge with others significant of a purpose merely to confine the terms used to definition of conduct which would or would not constitute want of ordinary care, that the mere failure to repeat in the instruction that the

contribution must be proximate could not serve to mislead the jury into the idea that they need not find proximity as an element in answering the question. TIMLIN, J., and WINSLOW, C. J., dissent.

6. While this court has held that a request for an instruction on the question of contributory negligence which does not embody the qualification that the want of plaintiff's care must have contributed directly to his injury might properly be refused, that holding was predicated upon the statutory requirement that an instruction must be full and correct in itself so that the court can give it in the exact words of the request, in order that error may be predicated upon its rejection. No such strict rule applies to the charge of the court. He may convey one idea or one element of the rule of law in one portion of his charge disassociated from other portions or elements, so long as these other elements are in fact conveyed to the minds of the jury as necessary to be found by them.

APPEAL from a judgment of the circuit court for Kenosha county: J. J. FRUIT, Judge. *Affirmed.*

The plaintiff, a common laborer, but with many years' experience in working at machinery and considerable experience with the machine at which he was injured, was employed to aid another man in operating what is called a drop‧ hammer, which was arranged so that automatically a belt and pulley served to raise the hammer until it was engaged by a clutch, whereon it rested when not in use, which clutch was forced under the hammer by a spring. The business of the plaintiff was, as his fellow-workman placed the article to be struck with the hammer on the anvil or die, to press a treadle with his foot, thus withdrawing the clutch and allowing the hammer to drop by its own weight. The hammer had recently been moved into another building and newly set up. After operating it some hours the plaintiff, upon the hammer's ascending and, as he claims to have observed, being engaged with the clutch, undertook to remove the article which was on the anvil under it, whereupon, for some reason, the hammer descended and caught his hand, causing him damage. The jury, by a special verdict, found (1) the

injury received was not the result of mere accident; (2) defendant was negligent in providing and keeping in repair the drop-hammer; (3) such negligence was the proximate cause of the injury; (4) the plaintiff was wanting in the exercise of ordinary care which contributed to his injury; and (5) damages. After motion to set aside the verdict and for a new trial, judgment was rendered for the defendant, from which the plaintiff appeals.

For the appellant there was a brief by *Norman L. Baker* and *R. V. Baker,* and oral argument by *Norman L. Baker*.

For the respondent there were briefs by *Edward P. Vilas,* of counsel, and *Peter Fisher,* attorney, and oral argument by *Mr. Vilas.*

The following opinion was filed March 10, 1908:

DODGE, J. The jury in this case found plaintiff guilty of contributory negligence which, by virtue of the instructions, might have been based upon that particular phase of contributory negligence more commonly designated assumption of the risk. This finding is assailed as unsupported by the evidence. We think there are many theories, any one of which might have been adopted by the jury and found support in the evidence, to justify an inference either of the assumption of the risk from which plaintiff suffered or of negligent acts on his part. The method of the happening of the accident is surrounded by complications and uncertainty to such an extent as almost to throw the question of defendant's proximate negligence into the field of conjecture. We cannot know what irregular operation of the machine the jury decided caused the hammer to fall, nor what negligence of defendant was responsible therefor. Certain testimony is claimed by the plaintiff to show that the spring, the function of which was to throw the clutch into engagement with the hammer, was defectively bolted to the iron rod through which it acted, and that therefore it became disen-

gaged and thus failed to work. But this bolt and spring were directly within plaintiff's vision, especially at the time when he and his companion adjusted the dog before commencing work on the machine the morning of the injury, and from the character of the defects described in the adjustment of the bolt the jury might have inferred either that it was so obvious that plaintiff did in fact see it and know the peril therefrom and therefore assumed it, or they may have found that it would have been negligence in him not to observe it. Again, there is some evidence to show that the machine was deranged in that portion of it which raised the hammer by means of two pulleys which, by automatic mechanism, were compressed against a vertical plank and by friction lifted it, and that these pulleys may, by reason of the defective setting up of the machine, have become separated irregularly and before the hammer had been lifted sufficiently to rest upon the clutch. They had the machine and all these parts before them, as did the trial judge, and we are unable to say that they may not have deemed that condition so obvious that either plaintiff did, or ought to have, observed it, and that he was guilty of negligence in operating the machine in its defective condition. It is in proof definitely that the machine was out of vertical adjustment, being shifted on its base some two and a half inches, and there is plenary evidence from which the jury might have found that plaintiff knew that fact. Again, the jury might well have believed, from the machine itself, that plaintiff's testimony that he observed that the clutch did in fact engage the hammer before he reached his hand under it to remove the object being operated on, was wholly incredible, and, from the very fall of the hammer itself, might have believed that the clutch could not have gone into engagement, and that it was negligence for plaintiff to insert his hand below the hammer until he had assured himself of such engagement. Then of course there is the mechanical probability that, if the clutch

engaged the hammer so that it rested upon it, the hammer could not fall, as a matter of physical possibilities, without pressure on the treadle, and therefore the jury may have inferred as a fact that plaintiff was mistaken in his testimony that he did not press that treadle; an act which, in connection with the insertion of his hand, of course might have been deemed contributory negligence. We suggest these among several theories for which the jury might have found justification in the evidence, and conclude, therefore, that their finding of contributory negligence was not so unsupported by any credible evidence that we can set it aside after it has received the approval of the circuit judge, who had vastly better opportunity to understand the complicated description and working of this machine than we can have.

Error is assigned because the court excluded evidence from other employees of a general custom for the operator to insert his hand below the hammer to remove the object being operated on, instead of removing it with tongs, which latter method was entirely feasible. We see no very good reason for rejecting evidence of such custom as bearing upon the care ordinarily exercised by such operatives. Perhaps the court considered it improper because it fairly appeared by plaintiff's own evidence that any custom existing at the time of his injury amongst the four or five men who at different times operated this hammer was due to defendant's own act in advising or instructing such operatives so to do. He seems to have been older in such service than most of the others, and he testified that at several times, when new men were first put to work on the machine, he advised or instructed them to so operate it. But even though we conclude that such evidence of custom was proper to be considered by the jury, we cannot think prejudicial error resulted from the exclusion of these questions, because man after man of those who customarily operated the hammer was permitted to testify that he was accustomed to use his hand

Buchman v. Jeffery, 135 Wis. 448.

instead of tongs in the manner described; thus if, by a somewhat technical distinction between permitting each individual to testify to his own custom and permitting him to testify to general custom in the factory, error was committed, yet the material fact was established practically without dispute that generally the operatives of that machine had for several years been accustomed to insert their hands below the hammer as did plaintiff on this occasion.

In the same connection error is assigned upon the exclusion of questions to several of these operatives whether they had been instructed by the foreman or superintendent so to act. We see no error in this exclusion. Such instructions were *res inter alios acta*. The plaintiff was permitted to testify that he himself had received such instructions, and did so without contradiction.

Complaint is made of a part of the charge with reference to assumption of the risk, to the effect that it was not necessary that the defendant should have pointed out to the plaintiff every possible way in which he might have been injured. In this we see no error. It was said in connection with an entire charge to the general effect that plaintiff was expected to use his ordinary faculties and to discover that which was obvious to him in view of his experience and knowledge of the machine and other circumstances. It is of course true that any failure on the part of the defendant to point out a defect is utterly immaterial if plaintiff himself did in fact know that defect or if it was so obvious that by ordinary care and diligence in observation he would have observed it. The charge is not open to the suggested criticism that it imposed upon the plaintiff a duty to search for hidden or latent defects, but merely required him to "exercise his senses, to apply his experience and general knowledge to discover if such dangers did exist in connection with the circumstances by which he was surrounded when he undertook his work." Hence we cannot think it error to have denied a requested

instruction that his duty did not require him to search for hidden or concealed defects which were not open and obvious to him.

Another objection to the charge upon the question of contributory negligence was that the court instructed the jury that a failure in even the slightest degree to exercise ordinary care would require them to answer the question in the affirmative. The complaint is that they should not so answer unless the want of ordinary care contributed to his injury. The rule of law is of course undoubted that only for want of ordinary care contributing proximately to his injury can the plaintiff be debarred from his right to recover (*Mauch v. Hartford,* 112 Wis. 40, 57, 87 N. W. 816), and we have held that requests to instruct in the same words as those used by the court in its charge might properly be refused, without error, because they did not embody that qualification. *Cummings v. Nat. F. Co.* 60 Wis. 603, 18 N. W. 742, 20 N. W. 665; *Lyon v. Grand Rapids,* 121 Wis. 609, 99 N. W. 311; *Lynch v. Waldwick,* 123 Wis. 351, 101 N. W. 925. But that was predicated upon the statutory requirement that an instruction must be full and correct in itself, so that the court can properly give it in the exact words of the request, in order that error may be predicated upon its rejection. Of course no such strict rule applies to the charge of the court. He may convey one idea or one element of the rule of law in one portion of his charge disassociated from other portions or elements, so long as those other elements are in fact conveyed to the minds of the jury as necessary to be found by them. We think, in view of the fact that the question required the jury to find only negligence which did in fact contribute, and in view of the association of this portion of the charge with other portions thereof significant of a purpose merely to confine the terms used to definition of conduct which would, or would not, constitute want of ordinary care, that the mere failure to repeat

in the instruction the necessity of contribution could not serve to mislead the jury into the idea that they need not find it as an element in answering the question.

After careful examination of the evidence and the instructions we cannot doubt that the answer of the jury on the question of contributory negligence was the result of deliberate and intelligent consideration of the subject under such fair explanation of their duty in that regard as was sufficient to protect the rights of the plaintiff, and therefore conclude that we should not be justified in setting aside that conclusion or reversing the judgment.

*By the Court.*—Judgment affirmed.

TIMLIN, J. (*dissenting*). Duty, as it appears to me, requires a record of this dissent. One of the questions of the special verdict, and the only one bearing upon the subject included, was as follows: "(4) Was the plaintiff wanting in the exercise of ordinary care which contributed to his injury?" At the request of the defendants' counsel the court instructed the jury with reference to that question as follows:

"In considering and answering the fourth question, you are instructed that if you find the plaintiff failed to exercise under all the circumstances ordinary care, even in the slightest degree or to the slightest extent, your answer to that question should be 'Yes.'"

The jury answered this question "Yes." No other instruction bearing upon or covering the assumption of risk by, or contributory negligence of, the plaintiff was given. Proper exception to this charge was taken. Consistently with reason it has been held that in order to constitute a defense the contributory negligence of the plaintiff must have had the same causal relation to the injury as is required of the negligence of the defendant in order that the latter negligence may constitute a cause of action.

"Contributory negligence on the part of the plaintiff must bear the same proximate relation to the result as the actionable negligence of the defendant. It need not be the sole cause, and it may contribute but slightly, but it must be a proximate cause in the sense that the defendant's negligence must be proximate." *Boyce v. Wilbur L. Co.* 119 Wis. 642, 650, 97 N. W. 563, 566.

Hence the rule of the majority opinion requires us to hold that a charge like that approved in this case in connection with a question regarding defendants' liability in the form of the fourth question in this case will suffice as a direction to the jury to fix the liability of defendants for negligence. This cannot be gainsaid unless we are to have, in personal injury cases, one law for the defendant and a different law for the plaintiff. I think this question has been settled adversely to the majority opinion in the case of a defendant, but with the limited time at my disposal I cannot find the precedent. I also think the cases of *Cummings v. Nat. F. Co.* 60 Wis. 603, 18 N. W. 742, 20 N. W. 665; *Lyon v. Grand Rapids,* 121 Wis. 609, 99 N. W. 311; and *Lynch v. Waldwick,* 123 Wis. 351, 101 N. W. 925, cited in the majority opinion, are decisive of this point in favor of the appellant in the case at bar, and that the distinction attempted in that opinion between instructions asked and refused and instructions asked and given is not sound. But aside from all precedent and resting solely upon reason, it cannot be correct to inquire of a person or tribunal whether another has been guilty of negligence which was the proximate cause of an injury, and to then instruct that person or tribunal that having found the negligence they should answer such question in the affirmative, without the necessity of finding the kind of negligence inquired about, viz., negligence which was the proximate cause of the injury. If a case occurred where the question of proximate cause was a question of law arising upon undisputed evidence, such an instruction might be proper, because in such case all that the jury are required

to find is. the question of negligence. But where both are questions of fact for the jury, it seems to me wholly irrational to approve of a charge which expressly informs the jury that if they are convinced that one of these facts existed they must answer affirmatively that both existed, or that if they are convinced that a certain fact existed they must answer affirmatively that this fact, with certain disputable and disputed consequences, existed.

WINSLOW, C. J. I concur in the views expressed by Mr. Justice TIMLIN in the foregoing opinion.

A motion for a rehearing was denied May 8, 1908.