## SCHMIDT vs. PFEIL and another.

*Assault and battery — Pleading and proof as to damages — Facts in mitigation of damages.*

1. Where a complaint for an assault and battery alleged, among other things, that by reason thereof plaintiff had "necessarily paid out a large sum of money in endeavoring to be cured," etc.: *Held*, that this was sufficient to admit evidence of the *amount* so expended by plaintiff for *medical services*.

2. If defendants desired more specific information on that subject, they should have moved to have the complaint made more definite and certain.

3. It was not error to admit testimony of the plaintiff in his own behalf as to any lameness or other effects from the injuries, "after the expiration of the first seven weeks." Such damages *might* naturally and necessarily have resulted from the acts complained of; and it was for the jury to say whether they did so result.

4. Whether proof of the number, size, age and condition of defendant's family should in any such case be received in mitigation of damages, *quære*.

5. But at least the offer must show particularly *what* facts are intended to be proven, embracing *every fact necessary to show its materiality*, or its rejection will not be error.

6. There being no evidence that either defendant was so intoxicated as to be in any manner deprived of his reason when he committed the acts complained of, his intoxication was not to be considered in mitigation of exemplary damages.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action against *Pfeil* and *Roll*, for an assault and battery. The complaint alleged various matters in aggravation, and that plaintiff had necessarily paid out a large sum of money in endeavoring to be cured; but did not allege that he had suffered any *permanent* injury *Pfeil's* answer admits that, at the time and place alleged, he struck plaintiff several blows with his fists, and cast him upon the ground, but denies all other allegations of the complaint. *Roll* denied generally. On the trial, after proof of the assault and battery, and that portions

of plaintiff's hair had been torn out, two of his teeth loosened, his lips swollen, his shoulders, side and back pounded and bruised, that he had been confined to bed ten days in consequence of the injuries, and had been treated by a physician, he was permitted against objection, to testify as to the amount charged him for medical services. He was also asked, "whether, since the expiration of the first seven weeks, he had felt any lameness or effects from the injuries; and, an objection to the question being overruled, he answered that he had subsequently felt lameness in his side sometimes, when the weather changed. Plaintiff having been permitted to examine witnesses as to the amount of property owned by defendants, the attorney for defendants offered to prove by the testimony of defendant *Pfeil*, "the number, size, age and condition of the family" of said defendant; but the testimony was ruled out. *Pfeil* testified that he "drank considerable" during the afternoon and evening preceding the assault, and was "considerably under the influence of liquor" when he committed the assault. On cross-examination, he said that he had been attending bar for some hours before the assault, and "was not so drunk but that he could make change well enough." The court instructed the jury, among other things, that if the assault and battery were without provocation, with aggravating circumstances, and showing a wicked disposition and intent on the part of the defendants, they might give exemplary damages; and it added: "The fact, if proved in this case, that *Pfeil* was intoxicated, is not a mitigating circumstance to be taken into consideration by the jury in the determination of the amount of damages which plaintiff is entitled to recover in this action; and it was only admitted on the ground that it would tend to disprove that any great injury was likely to have been inflicted upon the plaintiff by an attack made upon him by defendant when in a state of intoxication."

Verdict for plaintiff, for $800 damages; new trial denied; and, from a judgment upon the verdict, defendant appealed.

*Thorp & Frisby*, for appellants, to the point that the evidence as to lameness or other effects from the injuries, after the first seven weeks, should have been rejected, cited *Avery v. Ray*, 1 Mass. 12; *Dickinson v. Boyle*, 17 Pick. 78; 1 Chitty's Pl. 428; 2 Greenl. Ev. 89. To the point that in estimating damages, especially exemplary damages, the defendant's intent must be considered, and that the fact of intoxication was important as tending to show that there was no malicious intent, they cited Sedgw. on Dam. 479; *Taylor v. Church*, 4 Seld. 452; *Robinson v. Rupert*, 23 Pa. St. 524; *Barnes v. Martin*, 15 Wis. 240; *Dean v. Horton*, 2 McMullan, 147; *Swan v. The State*, 4 Humph. 136; *Krom v. Schoonmaker*, 3 Barb. 651; *Hay v. Cohoes*, id. 43; *James v. Campbell*, 5 C. & P. 372.

*Frisby & Weil*, for respondent, to the point that the evidence as to medical attendance was admissible, and that if defendants desired to be more specifically informed in that respect, they should have moved to have the complaint made more definite and certain, cited *Seeley v. Engell*, 17 Barb. 530; *Hewit v. Mason*, 24 How. Pr. 366; *Flanders v. McVickar*, 7 Wis. 372; Sedgw. on Dam. (3d ed.) 455, note 1. 2. The question as to effects of the injuries felt after the expiration of seven weeks, was admissible. *Birchard v. Booth*, 4 Wis. 67, and authorities there cited; 2 Greenl. Ev. §§ 89, 267. 3. Defendant *Pfeil's* drunkenness was not such as was entitled to be considered in mitigation of damages. *State v. Schingen*, 20 Wis. 74; 1 Bishop on Crim. Law (3d ed.), §§ 488, 489; 2 id. § 76; *Comm. v. Hawkins*, 3 Gray, 466.

DIXON, C. J. The allegations of the complaint were sufficient to let in the evidence with regard to the expenses incurred by the plaintiff for medical attendance.

If the defendants had desired more specific information in that respect, they should have moved, under the statute, to have the complaint made more definite and certain.

The question put to the plaintiff as to. his having felt any lameness or effects from the injuries after the expiration of the first seven weeks after the battery, was legitimate and proper. The evidence was not inadmissible on the ground that the damage was too remote, or of that special or pecular kind which must be specifically set forth in the complaint, by way of aggravation, in order that the defendant may have due notice of the claim. It was not evidence of that kind of damage which the law would imply was not the natural and necessary consequence of the assault and battery. It was evidence of damage which might naturally and necessarily have resulted from the acts complained of; and it was for the jury, upon the whole evidence, to say whether it did so result, or was the obviously probable effect of the beating; and hence the evidence was admissible under the general allegation.

It may be doubtful whether proof of the number, size, age and condition of the family of the defendant should in any case be received by way of mitigating the damages to be recovered. But, conceding that such proof is admissible, the offer here was insufficient, for the reason that it was not made in such form that the court can see that the evidence was or might have been material for the purpose for which it was offered. If material at all, as affecting the question of damages, it must have been because the family of the defendant *Pfeil* was large, and that it required all his means, together with the rewards of his time and labor, to provide for its support. Upon this point the offer was defective; for, without proposing to prove this, the evidence was or may have been wholly immaterial. It may be that the family of the defendant was very small, or that he had none dependent on him for support; and in the

absence of any stteament in the offer showing the number, size, age and condition of the family, nothing can be assumed in that respect for the sake of holding the rejection of the evidence erroneous. The offer should have embraced every fact necessary to show the materiality of the evidence.

The only remaining exception, relied upon by counsel for the defendants, is that to the instruction of the court, that the intoxication of the defendant *Pfeil,* at the time he committed the assault upon the plaintiff, was not a mitigating circumstance to be taken into consideration by the jury in determining the amount of exemplary damages which the plaintiff was entitled to recover in the action. We presume this instruction was given by the court below in view of the fact that there was no evidence before the jury that the defendant was in such a state of intoxication as to be in any manner deprived of his reason, or irresponsible for the acts which he committed. An examination of the evidence, so far as it is reported to this court, satisfies us that such was the condition of the defendant. He was not so intoxicated that that circumstance ought to have been considered at all in palliation or excuse of the offense which he perpetrated.

*By the Court.* — Judgment affirmed.