DELIE VS. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

*February 8 — March 2, 1881.*

INJURIES TO THE PERSON. *(1, 2) Pleading and proof. (3) Excessive damages.*

1. In an action for injury to the person from the negligence of a railroad company, the complaint shows that an engine on which plaintiff was fireman was derailed and overturned, and that large quantities of steam and water escaped therefrom and fell upon him, and he was "severely burned, maimed and permanently injured, and has suffered and continues to suffer great pain in body and mind, and that by reason thereof he became and for a long time remained ill, and is still suffering from said injuries." There was no motion to make the complaint more definite and certain. *Held*, that there was no error in admitting evidence for plaintiff that the covering of his spinal cord was injured by the accident, and that urinal difficulties resulted from his injuries; nor in admitting evidence that an inguinal hernia made its appearance *about nine months after the injury, and was the result thereof.*

2. The fact that plaintiff failed to make adequate proof of the last averment, so that the court withdrew that subject from the consideration of the jury, has no bearing on the question of the admissibility of the evidence in the first instance.

3. A verdict for $1,700 damages in this case not showing that the jury were actuated by passion or prejudice, this court refuses to set it aside as excessive.

APPEAL from the Circuit Court for *Sauk* County.

Defendant appealed from a judgment in favor of the plaintiff. The case is stated in the opinion.

For the appellant there was a brief by *F. J. Lamb*, and oral argument by *Mr. Lamb* and *W. F. Vilas*.

*J. W. Lusk*, for the respondent.

TAYLOR, J. This action was brought by the respondent to recover damages for an alleged injury to his person, caused by the negligence of the appellant or its servants. The only errors assigned by the appellant are, that the allegations of the complaint were not sufficiently specific to authorize the admission of certain evidence tending to show that certain effects were the result of the injury complained of, and that the damages are excessive.

The complaint, after alleging that the plaintiff was a fireman upon one of the locomotive engines of the defendant, and charging that the defendant and its employees negligently and carelessly permitted a car loaded with iron to remain on the main track, by reason whereof the engine upon which he was employed ran into it and was thrown from the track, states the injury to the plaintiff as follows: " And the said engine was thrown from the track, tipped over, and large quantities of steam and water escaped therefrom and fell upon the plaintiff, and the said *plaintiff* was *severely burned, maimed and permanently injured*, and has suffered and has continued to suffer great pain in body and mind; that, by reason thereof, the plaintiff became and for a long time remained ill, and is still suffering from said injuries so received as aforesaid."

Upon the trial, the plaintiff was permitted to show, under objection, that the covering of the spinal cord was injured by the accident, and that urinal difficulty resulted from his injuries, and to give evidence that an inguinal hernia made its appearance about nine months after the injury, and other evidence tending to show that such hernia was the result thereof. It is insisted by the learned counsel for the appellant, that no evidence of these alleged results of the injury should have been received under the general allegations of the complaint; that, in order to permit the plaintiff to give evidence of such results, he should have set them out particularly in his complaint. It is not very strenuously denied by the learned counsel, that, under the general allegations of injury set out in the complaint, the plaintiff might properly be permitted to show such injuries to his person as were immediately apparent and that, consequently, the injury to the spinal cord and the urinal difficulties might be proved; but they very earnestly insist that the evidence of the appearance of the hernia nine months after the accident, and the attempt to show that it was caused thereby, should have been excluded, on the ground that this effect was too remote, and not the natural, ordinary or necessary result of the original injury, and not such an effect as the defendant could anticipate would or might result therefrom, and it could not, therefore, come to the trial prepared to meet the evidence of the plaintiff upon that question.

It is not claimed on the part of the appellant, that the complaint does not state a cause of action. If the allegations of injury are sufficient to entitle the plaintiff to recover anything more than nominal damages, then it seems to us very clear that he is entitled to recover such damages as he actually sustained by reason of all the injuries to his person resulting from the accident, and that, in order to enable the jury to estimate his damages, he must be permitted to show what those injuries in fact were. We think that, in cases of this kind, if the defendant does not desire to have the plaintiff make his allega-

tions as to the nature of his injuries more definite and certain, and does not ask to have it done by a proper motion for that purpose, he must come prepared to meet any proof which the plaintiff may offer which shows or tends to show the real nature of the injuries which were the direct result of the accident. This, we think, was the rule held, even under the old practice, by this court in *Birchard v. Booth*, 4 Wis., 74. In that case the court held that, under allegations as general as in this case, the plaintiff might show that as one of the results of the battery his shoulder-blade was broken. The present chief justice, in his opinion in that case, says: "It was contended on the argument that the fracture of the shoulder-blade should have been specially and circumstantially set forth in order to apprise the defendant of the fact to be proved; and that it was a surprise upon him to admit proof of it under the general language of wounding, beating, bruising, etc.; and, although we think such a special statement of the injury might have been very proper, yet we cannot say that it was essentially necessary. As already stated, we can but view that injury as the natural and necessary result or consequence of the battery. That wrongful act was the efficient producing cause of the fracture and loss of health, and we think it is sufficient to allege it in this general manner." See, also, *Schmidt v. Pfeil*, 24 Wis., 452, 455.

If, under the old rules of pleading, under general allegations of wounding, bruising and beating, the plaintiff could be permitted to show all the injuries to the person which resulted from the battery, there is much greater reason for allowing such evidence under the code practice, which gives the defendant the clear right to have the general allegations made more specific and certain if he desires it. This court has lately decided, in *Redmon v. Ins. Co.*, *ante*, p. 292, that general words in an answer, in an action upon an insurance policy, charging a breach of warranty on the part of the insured in not having answered truthfully in regard to the amount of incumbrances

upon the property insured, stating that there were other in-cumbrances, and the amount thereof, were sufficient to permit proof of other incumbrances than those stated by the insured. The decision was placed upon the ground that the facts stated showed a breach of the warranty, and if the plaintiff desired a more specific statement of them he should have made his mo-tion. Having failed to make such motion, the defendant should be permitted to prove on the trial the existence of any incumbrance which would show a breach of the warranty. *Kimball v. Darling*, 32 Wis., 675, 684; *Schmidt v. Pfeil*, 24 Wis., 452, 455; *Hewit v. Mason*, 24 How. Pr., 366; *People v. Ryder*, 12 N. Y., 442. So, in the case at bar, the defendants not having called for any more specific statement of the plaint-iff's injuries than those set out in his complaint in general terms, the plaintiff must be permitted to prove on the trial all such personal injuries as in fact resulted from the accident. This disposes of all the objections to the evidence showing what were the immediate effects of the accident.

But the counsel for the appellant urges that, as the hernia did not make its appearance until nine months after the acci-dent, it cannot be said that it was the result of the accident, and certainly not the direct and immediate result thereof, and therefore evidence concerning it should not have been admit-ted under the allegations of the complaint. If the hernia had appeared immediately after the accident, under the rule above stated, there would be no doubt as to the right of the plaintiff to prove the fact as one of the results of the injury; and we think the mere fact that it did not become apparent to the plaintiff until some length of time after, can make no differ-ence as to the right of the plaintiff to show that it was in fact caused by the accident.

In *Schmidt v. Pfeil*, 24 Wis., 452, the former chief justice, DIXON, says: "The question put to the plaintiff as to his hav-ing felt any lameness or effects from the injuries after the expiration of the first seven weeks after the battery, was legit-

imate and proper.   The evidence was not inadmissible on the ground that the damage was too remote, or of the special or peculiar kind which must be specifically set forth in the complaint by way of aggravation, in order that the defendant may have due notice of the claim.   It was not evidence of that kind of damage which the law would imply was not the natural and necessary consequence of the assault and battery.   It was evidence of damage which might naturally and necessarily result from the acts complained of; and it was for the jury, upon the whole evidence, to say whether it did result or was the obviously probable result of the beating; and hence the evidence was admissible under the general allegation."

In this case there was no allegation of any permanent injury to the plaintiff.   In the case at bar, the plaintiff offered the evidence of the fact with a view of proving that it was caused by the accident.   He would be compelled to prove its existence before he could be permitted to show that the accident was the cause.   That he attempted to do by the evidence on his part.   The fact that he failed in showing that it was caused by the accident, does not render the evidence tending to prove that fact inadmissible.   The admissibility or inadmissibility of evidence tending to prove a fact which is within the issues, does not depend upon the success of the party offering it in establishing the fact sought to be proved.   If the evidence offered is pertinent to prove the fact, then it is admissible.   If such party fails in his proofs, it is, perhaps, the duty of the judge to say to the jury, as the learned judge did in this case, that he has failed to prove that fact, and therefore they are not to consider it in making up their verdict.   If the plaintiff could have shown by the evidence that the hernia was the direct result of the accident, we think he was entitled to have his proofs admitted under the general allegations in his complaint; and, as the judge could not determine beforehand whether he would succeed in establishing that fact, he was right in overruling the objection to the evidence and hearing what was

offered. After hearing all that was offered on both sides upon that point, the judge was of the opinion that the plaintiff had failed to connect that injury with the accident, and so told the jury. This was all he was called upon to do, in the absence of any request on the part of the defendant to give any more specific directions upon that point. The record does not present the case of an erroneous decision of the court, under which improper evidence was received, and an attempt to cure the same by withdrawing such evidence from the consideration of the jury. It only presents the case of an attempt to prove a fact, within the issues, which would enhance the plaintiff's damages, by the introduction of evidence tending to prove it, and therefore admissible, but which fact, upon all the evidence introduced by both parties, it was clear the plaintiff had failed to establish. In such case the court was not bound to withdraw the evidence in form from the consideration of the jury, but, as was done substantially in this case, to instruct the jury that the evidence failed to establish the fact.

We are asked by the learned counsel for the appellant to set aside the verdict and grant a new trial because the damages assessed are excessive. If the plaintiff was in fact injured to the extent the evidence tended to show, and has suffered from such injury and is likely to suffer for the length of time the medical witnesses are of opinion he will, we cannot say the damages found by the jury are excessive. We cannot say that $1,700 is an excessive compensation for the physical and mental suffering which this young man has endured and must endure during a sickness of four years. There are no fixed rules for measuring damages which may be allowed for physical and mental suffering. Damage of this kind is a matter of the greatest uncertainty, and must from the necessity of the case be left to the discretion of the jury; and that discretion cannot be interfered with by the courts, unless the award is so disproportioned to the suffering sustained that it is clear the jury were actuated by passion or prejudice, and not by a desire to give a just and

fair compensation. There is nothing in the amount awarded in this case to satisfy us that the jury were actuated by any other motive than a desire to do what was just between the parties.

We think the case was fairly tried and fairly submitted to the jury, and that no errors were committed which prejudiced the appellant.

*By the Court.*—The judgment of the circuit court is affirmed.