DRALLE, Appellant, vs. TOWN OF REEDSBURG, Respondent.

*December 6, 1906—January 8, 1907.*

*Highways: Defects: Personal injuries: Negligence: Contributory negligence: Evidence: Direction of verdict.*

1. In an action to recover for personal injuries from a defective highway, the evidence, stated in the opinion, is *held* sufficient to support a finding that the highway was defective and unsafe and that the defendant town was negligent in so maintaining it.
2. In such action the fact that the plaintiff knew of the defective condition of the highway is *held* insufficient as a matter of law to bar a recovery.
3. In such action the question whether the plaintiff was exercising such care as persons of common and reasonable prudence would ordinarily exercise under the circumstances shown by the evidence is *held* to be a question for the jury.
4. In such case it was error to direct a verdict for the defendant.

APPEAL from a judgment of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. *Reversed.*

This action was brought by the appellant against the respondent town of *Reedsburg,* Sauk county, Wisconsin, to recover for personal injuries sustained by her on account of an alleged defective highway in said respondent town. The appellant had resided in said town for about eleven years prior to the time of injury, and was accustomed to riding over the highway in question. The defect complained of

consisted of a large sand rock extending across the highway. Appellant at the time of injury was riding over the highway upon a load of potatoes, and claims to have been thrown therefrom by a jolt occasioned by the wheels of the wagon striking the rock in the highway. It is alleged in the complaint that the highway runs north and south; that the defective condition was a few rods north of where the road leading from Lime Ridge joins the highway, running north from Loganville to Reedsburg; that the highway is extensively used; that said highway was laid out on land that is rolling and which slopes to the south, and that underneath and at the surface there exists a great deal of sand rock, from which the water had washed the dirt for a considerable distance and carried it down the hill; that running across said highway at this point is a large sand rock which extends across the entire portion of the highway used for travel; that at either end, either as a part of the rock or as a second large sand rock, towards the south and east on one side and towards the south and west on the other, there were large sand rocks; that said rocks were large and the rain and water washed the dirt away, leaving a depression of from twelve to fifteen inches and running back from said center rock southerly a distance of from fifteen to eighteen feet; that it is impossible to drive on either side of this portion of said road or that portion usually taken in driving because of the existence of said rocks; that in traveling over said highway in going from south to north it is necessary to drive over this portion of the highway that had been partially washed out; and that said highway in consequence thereof was insufficient, defective, unsafe, and dangerous for public travel, and had so existed for several months prior to the injury.

The answer admits the residence of the appellant, and that the place where the injury occurred is a public highway, and denies the other material allegations of the complaint, and alleges that the injuries alleged to have been received by appellant were caused, if at all, by her own negligence. It

is conceded that notice of the injuries was served upon the respondent as required by law, and that the appellant's claim was duly filed with the respondent town and its proper officers in manner prescribed by law, and that said respondent refused to allow said claim or any part thereof. The case was tried by the court and a jury, and after the evidence was in the court directed a verdict in favor of defendant on the ground that plaintiff was guilty of contributory negligence. On direction of the court the jury returned a verdict for defendant, to which plaintiff duly excepted, and from judgment in favor of defendant this appeal was taken.

For the appellant there was a brief by *Grotophorst, Evans & Thomas,* and oral argument by *Evan A. Evans.*

For the respondent there was a brief by *E. C. Gottry,* attorney, and *Daniel H. Grady,* of counsel, and oral argument by *Mr. Grady.*

KERWIN, J. It is insisted on the part of the appellant that the court erred in directing a verdict for the respondent. This contention involves the negligence of the respondent and the contributory negligence of the appellant.

1. The place where the injury occurred was a public highway under the control of the respondent, much used for public travel, and the first question presented is whether such highway was defective at the place where the injury complained of was received. If the highway in question was defective, there is no doubt but that there was sufficient evidence of notice to the respondent. In respect to the defective condition of the highway, the evidence tends to show that there was a solid ledge of rock extending across the traveled' track of the highway, on such an angle as to cause one wheel' of a wagon to strike it first; that the roadway was narrow so' that it was difficult, if not impossible, to turn out and avoid' the rock; that the rock stood up perpendicular with the road-bed, did not slant, and was from four to ten inches high; that the rock ran clear across the traveled track and into the hill.

One witness testified that the rock stuck up out of the ground from eight to ten inches, and that there was no way to turn out in order to avoid it. Appellant testified that, when one wheel struck the rock, it gave such a jerk that she was thrown out of the wagon. We think it clear that there was sufficient evidence to support a finding of the jury that the highway was defective and unsafe, and that respondent was negligent in so maintaining it. *Hebbe v. Maple Creek,* 121 Wis. 668, 99 N. W. 442; *Wheeler v. Westport,* 30 Wis. 392.

2. The important question in the case is whether the appellant was guilty of contributory negligence as a matter of law. If not, the court erred in taking the case from the jury and directing a verdict for respondent. There is evidence that appellant traveled over this highway, both by team and on foot, for several months prior to the injury, during which time it was in substantially the same condition as at the time of the injury. It also appears that this highway had been much traveled by the public continuously up to the time of the injury. It also appears from the evidence that appellant had ridden safely over it on a load of potatoes before the time of the injury, but she did not know whether she occupied the same position as at the time of the injury. She went "lots of times" on a load with the same team and driver. When she fell off she was riding in a lumber wagon, which had a double box piled even full with sacks of potatoes, the sack upon which she was sitting a little higher up, but the whole sack not above the rest, just a part of it where she sat, with another sack to her back and one which she braced her feet against. She was seated in this position in the middle of the wagon when the wheel struck the rock and she was thrown from the wagon and injured. Appellant testified that when her husband, who was driving, approached the rock he drove slower; "he drove real slow, real careful. I hung tighter all I could and braced myself;" that when the wheel struck the rock it gave such a jerk that her hold was torn away and she was thrown out of the wagon. It is insisted by counsel for re-

spondent that appellant assumed a dangerous position know-
ing the condition of the road, and that had she been sitting
in front where she could have seen when the wheel would
come in contact with the rock, or had her arms or limbs been
free, she would not have been injured. But there is evidence
that the position of appellant on the load was a reasonably
safe one. She sat in the middle of the wagon with a bag
filled with potatoes to support her back and one to brace her
feet against, and her husband driving very slowly and care-
fully at the time of injury, and she holding onto the sack with
both hands, and it does not appear that her arms or limbs
were not free. True, appellant testified that she was clothed
warmly, had her winter cape on and was wrapped in a blan-
ket, but that her feet were not wrapped up in the blanket;
but she had it over her lap. She had her feet braced against
the sack and was holding on with her hands.

We are cited to *Nicks v. Marshall,* 24 Wis. 139, on the
point that appellant was guilty of contributory negligence in
taking a dangerous position on the wagon. But in that case
it appeared clearly that the plaintiff assumed a dangerous
position upon an unbound load of hay thrown loosely on the
wagon box, being on the hind end on his knees facing the
rear of the wagon, and the court said, if he had been riding
with his face in the direction the team was traveling, "he
would have been likely to see the rock in the highway and
that the wheel would probably strike it, and thus have been
prepared for the 'severe jolt' of the wagon when it passed
over the obstruction." So it appears that the case cited is
not controlling. The fact that appellant knew of the defect-
ive condition of the highway in the case before us was not
sufficient as a matter of law to bar recovery. *Kelley v. Fond
du Lac,* 31 Wis. 179; *Gerrard v. La Crosse C. R. Co.* 113
Wis. 258, 89 N. W. 125. True, as said by this court in
*Gerrard v. La Crosse C. R. Co., supra:*

"The defect may be so serious or dangerous that a court
would be justified in saying that any attempt to proceed would

be negligence, but in all other cases the question is whether a reasonably prudent man, exercising ordinary care, would attempt to proceed under the circumstances, and, if so, whether the plaintiff used that additional care which such a man would exercise in view of his knowledge of the danger."

In the case before us the highway was in constant use by the public, and it cannot be said upon the evidence produced as a matter of law that it was so imminently dangerous as to make any attempt to pass over it negligence. If the appellant was exercising such care as persons of common and reasonable prudence would ordinarily exercise under such circumstances, she was not guilty of negligence. Whether she was or not, was, we think, a question for the jury. *Nelson v. Shaw,* 102 Wis. 274, 78 N. W. 417.

It follows that there was sufficient evidence to send the case to the jury on the negligence of respondent and the contributory negligence of appellant, and therefore the court below erred in directing a verdict for the respondent.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded for a new trial.