DRALLE, Respondent, vs. TOWN OF REEDSBURG, Appellant.

*September 18—October 5, 1909.*

*Highways: Defects: Personal injuries: Pleading: Variance: Nature of injuries: Evidence: Opinions: Hypothetical questions: Cross-examination: Discretion: Instructions to jury: Damages for loss of time: Married women: Costs.*

1. In an action for injuries caused by defect in a highway the complaint alleged that plaintiff received "permanent injuries; was rendered sick, sore, bruised, maimed, and her life endangered, and has suffered and still does suffer severe and excruciating pains." The complaint included the notice of injury served as required by sec. 1339, Stats. (1898), and stated that it set forth the injuries. This notice stated that plaintiff was thrown to the ground, "causing severe bruises to my legs and shoulders, and inflicting severe internal injuries." The claim for damages required by sec. 824, Stats. (1898), also made a part of the complaint, was for "injuries, suffering, both mentally and physically." *Held*, that the complaint, notice, and claim should be construed together as a pleading, and so construed the allegations were sufficient to permit the admission of evidence of injuries to plaintiff's side, back, and ribs, and also of an atrophy or wasting of the muscles of the back, causing curvature of the spine and having a tendency to increase.

2. A defendant who neither demands a bill of particulars nor moves to make the complaint more definite and certain cannot, by objection at the trial, exclude evidence which is comprehended within the broad generalities of the complaint.

3. The notice required by sec. 1339, Stats. (1898), need not specify the particulars in which the party is injured nor contain any description of the injuries.

4. In an action for personal injuries, a question to an expert witness as to how the injury affected the plaintiff was proper, the word "injury" being used to designate the contusion, bruise, or trauma in question, and not the invasion of legal rights which might have occurred at the time of the accident.

5. An objection to a long hypothetical question on the ground that it does not contain all the elements of fact testified to will be considered on appeal only so far as it specifies the facts claimed to be omitted.

6. In a hypothetical question as to whether the injury sustained by plaintiff was a sufficient producing cause of her physical condition as found by the witness, it was not necessary to include the fact that plaintiff had given birth to seven children, all of whom died in infancy or shortly thereafter.

7. It was not error to exclude the opinion of a witness as to whether it would have been possible or practicable for plaintiff to drive over a part of the highway lying outside of the traveled track at the place of the accident, in the absence of evidence that plaintiff had an opportunity to leave the traveled track and had such knowledge of the defect therein as would require a person exercising ordinary care to leave the track and drive outside thereof.

8. Where, from the questions asked, an attempt to extend a cross-examination to matters not covered by the direct examination could fairly be inferred, it was not an abuse of discretion to limit the cross-examination rather strictly.

9. An instruction that, in determining whether or not the highway was defective at the place in question, the jury should consider the amount of labor and money which must be expended to obviate the alleged defect, and whether such expense would be so excessive as to render the change impossible or impracticable, is *held* (whether correct in law or not) to have been properly refused as inapplicable to the facts in this case.

10. Refusal to instruct the jury that plaintiff was not entitled to recover for loss of her time was not error in this case, in view of other instructions given and of the fact that no claim for such recovery was made and no evidence offered on the subject.

[11. Whether, under sec. 1339, Stats. (1898), as amended by ch. 305, Laws of 1899, providing that a husband shall have no right of action on account of injuries received by his wife by reason of a defect in a highway, a wife may recover damages for loss of her time, not determined.]

12. Costs taxable for drawing a bill of exceptions should not be held to include that part thereof composed of a transcript of the reporter's notes, drawn by the reporter, for the cost of which the successful party has already been fully reimbursed by the other party.

13. Although the costs taxed for drawing a bill of exceptions may in this case have included something more than the improperly allowed costs of the reporter's transcript, this court will not count folios to determine that fact, counsel having furnished no separation or basis for separation of the items.

APPEAL from a judgment of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. *Modified and affirmed.*

*Daniel H. Grady,* for the appellant.

For the respondents there was a brief by *Grotophorst, Evans & Thomas,* and oral argument by *E. A. Evans.*

TIMLIN, J. In this action for damages resulting from a defective highway the respondent pleaded that she "was thrown violently from the said wagon and struck on the rocks hereinbefore referred to, receiving therefrom severe and, as she is informed and verily believes, permanent injuries; . . . was rendered sick, sore, bruised, maimed, and her life endangered, and she has suffered, and still does suffer, severe and excruciating pains." Attached to the complaint and made part thereof is a copy of the notice served by respondent upon the town and required by sec. 1339, Stats. (1898), in which, after describing the place where the accident happened and the nature of the defect, she says:

"Thereby throwing me out of the wagon and causing me to fall with great force upon the ground, causing severe bruises to my legs and shoulders, and inflicting severe internal injuries."

Also made part of the complaint is the claim for damages filed before the town board of audit as required by law, in which she states that she makes a claim for injuries result-

ing from a defective highway concerning which she had given a written personal notice.   She further states:

"I claim damages against the town of *Reedsburg* for injuries, suffering, both mentally and physically, loss of earning capacity, both past and future, loss of time, etc., expense incurred and to be incurred for doctoring," etc.

As a witness on the trial the plaintiff offered her testimony to the effect that by the fall in question she sustained injuries to her side, ribs, and back, to which defendant objected in so far as it pertained to any injuries other than those expressly mentioned in the notice of injury and the claim filed with the town board, namely, an injury to the leg and shoulder and internal injuries.   This objection was overruled.   She offered the testimony of her attending physician, who testified to an atrophy or wasting of the muscles of the back, causing curvature of the spine and having a tendency to increase. A similar objection to the admission of this testimony was made and overruled.   *Mauch v. Hartford,* 112 Wis. 40, 87 N. W. 816; *Schmidt v. Pfeil,* 24 Wis. 452; *Delie v. C. & N. W. R. Co.* 51 Wis. 400, 8 N. W. 265; and a number of cases from other courts, are cited to show error in this ruling. Sec. 1339, Stats. (1898), which imposes this liability upon the town, requires as a condition precedent the service upon one of the town supervisors of a notice stating the place where such damage occurred and describing generally the insufficiency or want of repair which occasioned it and that satisfaction therefor is claimed of such town.   The statute does not require that this notice specify the particulars in which plaintiff was injured nor that any description of her injuries be. given therein.

From the excerpts quoted it will be seen that the averments of the complaint in this respect were very broad and general, and, although the complaint incorporated therein this notice and further stated that the notice set forth the injuries of the respondent, the notice itself in this respect is very

broad and general. It speaks of bruises to her legs and shoulders and severe internal injuries, and the claim filed with the board of audit refers to this notice and claims damages for injuries and suffering, both mental and physical. These three papers presented together as a pleading must be construed together, and neither can be tested by any other rule than that relative to the sufficiency of pleadings. Under that rule there was sufficient in the complaint notwithstanding the exhibits attached to and incorporated therein to permit the admission of this evidence. *Curran v. A. H. Stange Co.* 98 Wis. 598, 74 N. W. 377; *Delie v. C. & N. W. R. Co.* 51 Wis. 400, 8 N. W. 265. The complaint was doubtless subject to a motion to make definite and certain in this particular or the defendant could have demanded a bill of particulars, but, having waived these remedies, it could not, by objection at the trial, exclude this evidence which is comprehended within the broad generalities of the complaint.

One of the expert witnesses was asked how the injury affected respondent, and this question was allowed to be answered against objection by the appellant. From an examination of the testimony preceding the question we are inclined to agree with counsel for respondent that the word "injury" was then being used to designate the contusion, bruise, or trauma in question, and not the invasion of legal rights which might have occurred at the time of the accident. So construing this word there was no error in the ruling. The objection to a long hypothetical question on the ground that it did not include all the elements of facts testified to in the case and upon other grounds not necessary to mention was followed by a question from the court to counsel making the objection, asking counsel what facts he referred to which were not in the hypothetical question. Counsel referred to the fact of the existence of a scrofulous goiter for twelve years, but the question expressly assumed that respondent had been afflicted with goiter for a number of years and that it had increased

some from the time of the injury. Counsel also mentioned the fact that plaintiff had given birth to seven children, all of whom died in infancy or shortly thereafter. This fact was not necessary to be included. The objection made was insufficient to raise any other question not already considered. And the same is true of the objection to the hypothetical question propounded to Dr. Edwards. *Odegard v. North Wis. L. Co.* 130 Wis. 659, 677, 110 N. W. 809; *Cornell v. State,* 104 Wis. 527, 80 N. W. 745.

Evidence that there existed a space to the right of the traveled track in the highway in question twelve feet in width and a little higher than the traveled track was admitted, but the court excluded evidence of a witness who was asked to state whether this was such a piece of highway as would permit its use for the driving of a vehicle outside and to the right of the traveled track; also whether it was possible or practicable to drive over this strip of twelve feet at the place where plaintiff was injured.

We do not think that any prejudicial error can be predicated upon this ruling. If the jury had before it the condition and measurements of the traveled track and the opportunities to turn out and avoid the rock in question, they would not be aided much further by the opinion of the witness upon the question asked, even if we concede that such opinions were competent. The item of evidence is quite remote, and, unless coupled with proof that the plaintiff had opportunity to turn out of the traveled track and such knowledge of the defects in the traveled track as would require a person in the exercise of ordinary care to depart therefrom and travel on this strip, the opinions of a witness as to the practicability or feasibility of so doing would be quite immaterial.

A physician called by the respondent testified that he examined the respondent shortly after the injury and found no atrophy of the muscles of the back or curvature of the spine. The court limited the cross-examination of this witness rather

strictly, but the questions asked were very broad, and were no doubt understood by the court to attempt to extend the cross-examination to other matters not covered by the direct examination. Whether this was intended or not the court evidently so understood, and this inference could fairly be made from the questions asked. There was no abuse of discretion in this ruling.

Error is assigned because the court refused the request of the defendant that the jury be instructed as follows:

"You are further instructed that, in determining whether or not the highway at the place in question was defective, you are to take into consideration the amount of labor and money which must necessarily be expended to obviate the condition wherein the alleged defect consists, and whether or not the same would be so excessive as to render impossible or impracticable a change of such condition."

Whether or not this was correct in law we need not determine, because there was no evidence in the case to which such instruction was applicable. And it is in itself inconsistent with the theory of the defense that there was a strip twelve feet in width to the right of the traveled track upon which the plaintiff might safely have driven. The road in question is over a hill called Buckley's Hill, and is about nine feet wide between the raised sides. The wagon track is about six feet wide. On the right hand the bank ran up four, six, or eight feet high, and on the left hand there was a bank sixteen inches to two feet high extending up and then an abrupt drop. A rock extended across the wagon track diagonally. The right wheel of the wagon would strike the rock first, and from the bottom of the rut to the top of the rock was about eight to twelve inches. To the right of the traveled track the rock projected above the sand from four to six inches and about as much on the left. This shows no situation calling for such an instruction.

The court also refused the request of the defendant that

the jury be instructed that plaintiff was not entitled to re-cover for loss of time.    There was no evidence offered on this subject, and, so far as the record shows, no claim made that she was entitled to recover for any such item of damages. The court did instruct the jury with reference to the fourth question of the special verdict, the form of which was: "What sum of money will compensate the plaintiff for the injury she has received?"    In such instructions he told the jury to keep in mind the condition of the plaintiff's health before and after the injury, the nature and extent of the injuries as disclosed by the evidence, and to include compensation for the actual injury to the plaintiff's person, and for the physical and mental pain and suffering undergone by reason of the injury, and not to allow any sum for expenses incurred in the care or medical attention of the plaintiff, and also with reference to future impairment of health.

The law as it now exists with reference to the liability of towns—that is, sec. 1339, Stats. (1898), as amended by ch. 305, Laws of 1899— cuts off all right of action on the part of the husband on account of injuries received by the wife, and renders the reason given for the exclusion of such damages in *Bading v. Milwaukee E. R. & L. Co.* 105 Wis. 480, 81 N. W. 861, no longer appropriate.    Cutting off a husband's right to recover such damages does not necessarily confer upon a wife the right to recover; consequently this question is left for future consideration, and, there being no claim for damages before the jury and no evidence to warrant such recovery, the refusal of the requested instruction was not error. We cannot say upon the evidence that the damages awarded by the jury are excessive within the rules governing the consideration of such questions.

In the taxation of costs the respondent was permitted to tax an item for drafting the bill of exceptions used by her upon the first appeal in this case, reported at 130 Wis. 347, 110 N. W. 210.    On the reversal of that judgment the respondent presented as an item of disbursements the whole

bill of the court reporter for the original and copies of the transcript which constituted the major part of the bill of exceptions, and this expense was paid by the appellant. The clerk allowed the respondent to tax for drawing that part of the bill of exceptions so made up. Proper exception was taken to the ruling of the clerk, the matter brought for review before the circuit court, who by order allowed this item of costs to the respondent, and the evidence and exceptions on the taxation of costs are preserved in the bill of exceptions. The statute (sec. 2921) provides for the taxation of costs for drawing bills of exceptions, but this cannot be held to cover a bill of exceptions or that part thereof composed of a transcript of the reporter's notes drafted by the reporter for the cost of which the respondent had theretofore been fully reimbursed by the appellant. The amount of this item, as stated in the printed case, is $146. This may include something more than the reporter's transcript, but counsel for respondent has furnished us no separation, or basis for separation except by counting folios, which we decline to do.

For this error in taxation of costs the judgment of the circuit court must be modified by striking therefrom the item of $146 above mentioned, and, as so modified, affirmed, the costs of this court to be taxed against the respondent.

*By the Court.*—It is so ordered.