JOHNSON, Administrator, Appellant, vs. CITY OF EAU CLAIRE, Respondent.

SAME, Respondent, vs. SAME, Appellant.

*March 16—April 3, 1912.*

*Highways: Bridges: What constitutes an insufficiency: Injury and consequent death: Causes of action: Joinder: Survival: Pleading: Damages: Executors and administrators: Statutes construed.*

1. In an action to recover for injuries and consequent death caused by insufficiency of a bridge, a complaint which described the insufficiency as consisting of a three-inch plank nailed to the floor of said bridge diagonally across the bridge, so that when a team of horses was driven across the same the front wheels of the wagon would not strike the plank at the same time, is *held* sufficient on demurrer to admit evidence proper to be laid before the jury to establish an actionable case of insufficiency for want of repair.

2. A cause of action for damages suffered by a decedent prior to his death as the result of a personal injury may properly be joined in one complaint with a cause of action under sec. 4255, Stats. (1898), for the death.

3. Under sec. 4253, Stats. (Laws of 1907, ch. 353), the right of action for personal injuries occasioned by negligence survives, but such cause of action does not exist where death is instantaneous, a new right of action in such case being given by sec. 4255.

4. A complaint which attempts to state a cause of action in favor of the administrator of the deceased person for the benefit of his estate should make it appear that there was an interval of suffering between the injury and the death.

5. The words "party injured," as used in sec. 4255, Stats. (1898), mean the party whose death is caused, not the relatives of the deceased.

6. The damages recoverable by the administrator under said sec. 4255 are entirely different from those which would have been recoverable by the injured person himself, but the fact that such person could, if death had not ensued, have maintained an action is still the test of the right of his administrator to recover the statutory damages measured by the pecuniary loss to relatives.

7. The amendment to sec. 1339, Stats. (1898), by ch. 305, Laws of 1899,—providing that no action founded on defects in or want of repair of a highway "shall be maintained by a husband on account of injuries received by the wife or by a parent on account of injuries received by a minor child,"—does not exempt the municipality from liability to the person injured, even though such person be a wife or minor child, but only excludes recovery by the husband or parent for loss of services; hence the right of action under sec. 4255 for the death of such person is not barred. [Whether such amendment diminishes in any degree the damages recoverable under sec. 4255, not determined.]

APPEALS from orders of the circuit court for Eau Claire county: JAMES WICKHAM, Circuit Judge. *Reversed.*

For the plaintiff there were briefs by *W. H. & T. F. Frawley,* and oral argument by *T. F. Frawley.*

*Arthur H. Shoemaker,* for the defendant.

TIMLIN, J. The plaintiff as administrator of Orlow John-son, deceased, sets forth a first cause of action by which he sought to recover from the city for personal injuries to his

decedent resulting in death and caused by an alleged defect in a bridge in the public highway. In a second cause of action for the same death he sought to recover under the familiar "death act," being sec. 4255, Stats. (1898). This count set forth that the deceased left surviving him his father and mother, also brothers and sisters. A demurrer to the first cause of action was overruled and a demurrer to the second cause of action sustained. The defendant appealed from the first ruling and the plaintiff from the second.

1. A question affecting both counts of the complaint arises upon the contention of the defendant that the statute, sec. 1339, Stats. (1898), makes the city liable only for the insufficiency or want of repair of the highway or bridge and that the facts set forth fail to show such condition. The insufficiency or want of repair complained of "consisted of a three-inch plank which was nailed to the floor of said bridge and extended about three inches above the floor, and that said plank was nailed diagonally across the said bridge, so that when a team of horses are driven across the same the said front wheels of the wagon would not strike the said plank at the same time." We have the case of *Kawiecka v. Superior,* 136 Wis. 613, 118 N. W. 192, in which the insufficiency consisted of a repair covering of two-inch plank over part of a sidewalk, leaving at the junction of the old and the repaired portion a raise of two inches corresponding to the thickness of the new overlaid planking, and in which this defect was considered "too trifling and inconsequential." Also *Burroughs v. Milwaukee,* 110 Wis. 478, 86 N. W. 159, in which a depression of one and one-half inches was considered not an actionable insufficiency. Also *Kleiner v. Madison,* 104 Wis. 339, 80 N. W. 453, in which an apron or covering of boards over a cement sidewalk which presented a raise of somewhat less than two inches was held not to be an actionable defect. On the other hand we have the case of *Stilling v. Thorp,* 54 Wis. 528, 11 N. W. 906, where one side of a bridge was from

four to twelve inches lower than the other and the bridge was about two feet out of line with the road and the surface of the bridge covered with ice, and wherein it was held that there was evidence of insufficiency proper to be submitted to the jury.    Also *Koenig v. Arcadia,* 75 Wis. 62, 43 N. W. 734, where there was in the planking of a bridge a hole or rut in the wagon track about three feet long, three and one-half inches wide, and three inches deep, caused by wearing through the upper layer of plank, and it was ruled that this presented evidence of insufficiency or want of repair sufficient to be submitted to a jury.    In *Lynch v. Waldwick,* 123 Wis. 351, 101 N. W. 925, there was at the junction of the bridge planking and the ascending approach a piece of round timber or a log about four inches high, so laid that it formed an upright shoulder against which a vehicle would strike in coming up the grade and before it reached the planking.    In that case this seems to have been considered to present evidence from which the jury might find an insufficiency or want of repair in the highway.    In *Dralle v. Reedsburg,* 130 Wis. 347, 110 N. W. 210; *S. C.* 140 Wis. 319, 122 N. W. 771, there was a ledge of rock extending diagonally across the traveled track of the highway and from four to ten inches high, and this was held to be evidence of an actionable defect or insufficiency. Other cases might be cited, such as *Wanta v. Milwaukee E. R. & L. Co.* 148 Wis. 295, 134 N. W. 133.    But the foregoing cases sufficiently present the contention of the parties on this point.    Rules and instances are cited from the decisions made by courts in other states, but they are not helpful.    In all such legal situations, where the statute uses general descriptive words to indicate the conditions of fact upon which the liability of the defendant must turn, there necessarily occur cases clearly within the general terms of the statute, cases clearly without the terms of the statute, and cases in which the statute is of doubtful applicability.    It is exceedingly difficult to formulate any general rule that will be of practical

aid in the cases last mentioned. It has sometimes been said that the defect or insufficiency would fall within one class or the other, depending upon whether reasonable men could or would differ in the inferences as to insufficiency to be drawn by them from the facts in evidence. This, however, does not help much; it is a sort of *argumentum ad hominem,* and amounts in the last analysis substantially to saying that those who differ with us are not reasonable men. There are, however, many situations arising in the law in which the courts must apply rules of law by a process of inclusion or exclusion of particular cases until from a great number of instances something approaching an uniform rule can be deduced. This is one of these cases. It will not do to rest the rule upon inches only. That is a factor in arriving at the result, but the other conditions and surrounding circumstances must also be considered. The fact that there was a single plank laid on the surface, presenting against the wheel a raise on one side and a drop on the other, and that it lay diagonally across the wheel track, causing first a lift on one side of the vehicle, then a drop on that side, and perhaps simultaneously with the last mentioned drop a lift on the other side, are matters to be considered in connection with the height of the raise over the level floor of the bridge. It seems to be a question of fact whether such plank would be dangerous to one in the exercise of ordinary care. A momentary relaxation or distraction of attention at the instant when the wheel of the vehicle encountered this plank might cause an occupant of the vehicle to be thrown from his seat. It might not be inconsistent with ordinary care for the driver to relax attention or to have his attention diverted for an instant under such circumstances. The highway must be reasonably safe to those exercising ordinary care. In a city where there is much traffic, many passing vehicles, and more things to distract the attention, a highway might be considered insufficient which would not be insufficient in a remote country district, upon the very fa-

miliar rule of the law of negligence which apportions the care to the risk. While this is a very close case, we are inclined to believe that the conditions set forth in the pleadings were sufficient to admit evidence proper to be laid before the jury to establish an actionable case of insufficiency or want of repair.

2. In *Nemecek v. Filer & S. Co.* 126 Wis. 71, 105 N. W. 225, it was ruled that these causes of action may be properly joined in one complaint although the damages to be recovered under the first count are confined to those suffered by the deceased prior to his death and go into the general fund of the estate of the deceased, and those recovered under the second count are the pecuniary losses sustained by relatives of the deceased named in the act and must be paid over by the administrator to such relatives.

The first count of the complaint states that the decedent was violently thrown from his wagon to the floor of the bridge and the wagon passed over him, thereby causing his death. From this it would appear that the death followed the injury instantly, and the cause is presented in this court on that theory. If there was an interval of suffering between the injury and death the pleader should have made that appear. Under the law of this state as settled by sec. 4253, Stats. (1898), as amended by ch. 353, Laws of 1907, and the following cases, the right of action for personal injuries occasioned by negligence survives and may be prosecuted by the administrator of the deceased. The damages belong to the estate of the latter. But no right of action which rests solely upon causing death survives, because a new right of action is given for that, and it seems manifest that the legislature did not intend that the party in default should be twice liable for the same act. The new cause of action is to be prosecuted by the administrator, it is true, but for different beneficiaries. *Brown v. C. & N. W. R. Co.* 102 Wis. 137, 77 N. W. 748, 78 N. W. 771; *Nemecek v. Filer & S. Co.* 126 Wis. 71, 105 N.

W. 225; *Lounsbury v. Davis,* 124 Wis. 432, 102 N. W. 941; *Quinn v. C., M. & St. P. R. Co.* 141 Wis. 497, 124 N. W. 653; *Hubbard v. C. & N. W. R. Co.* 104 Wis. 160, 80 N. W. 454; *McMillan v. Spider Lake S. M. & L. Co.* 115 Wis. 332, 91 N. W. 979. For the reason that the first count of the complaint attempts to state a cause of action in favor of the administrator for the estate of the decedent and for causing instant death solely, the demurrer was improperly overruled.

3. Sec. 4255, Stats. (1898), gives to the administrator, for the benefit of the relatives of the deceased therein mentioned, a new right of action, "whenever the death of a person shall be caused by a wrongful act, neglect or default and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof." The "party injured" here means the party whose death is caused, not the relatives of the deceased. If death had not ensued, Orlow Johnson would have been entitled under sec. 1339, Stats. (1898), as amended by ch. 305, Laws of 1899, to maintain an action and recover damages. These damages would include pain and suffering, permanent disability, disfigurement, moneys by him expended for medical attendance and nursing, loss of earning capacity after majority, and, in case of emancipation, loss of earning capacity during minority as well. The damages recoverable under the death statute are entirely different, but the fact that he could, if death had not ensued, have maintained an action and recovered the first mentioned damages is the test of the right of his administrator to recover the other class of damages measured by the pecuniary loss of the relative of deceased specified in the statute. It is true, as contended by the defendant, that the liability of a city to respond in damages for injuries caused by the insufficiency or want of repair of a bridge or highway rests only upon sec. 1339, Stats. (1898). By ch. 305, Laws of 1899, a proviso was by amendment inserted in this section in these words: "Provided, how-

ever, that no action shall be maintained by a husband on account of injuries received by the wife, or by a parent on account of injuries received by a minor child." This proviso does not purport to exempt the municipality from liability to the person injured even when such person is a wife or a minor child. It recognizes such liability, but the husband or parent, as the case may be, has no right of action against the municipality for loss of services. It leaves the municipality liable under the preceding broad provisions of sec. 1339, *supra*, but only to the person actually injured. The second cause of action is therefore within the express terms of sec. 4255, above referred to. The pecuniary loss resulting from such death to the relatives of the deceased is not limited to the value of services during marriage or minority. Sec. 4256, Stats. (1898), as amended by ch. 164, Laws of 1907, provides that the amount recovered by the administrator shall belong and be paid over to the husband or widow of such deceased person if such relative survives; if not, then to the lineal descendants of such deceased person; if no lineal descendants, to the lineal ancestors; if none of these survive, to the brothers and sisters. At common law the husband was entitled to recover for loss of his wife's services and the parent for the loss of the services of a minor child on the theory that such services belonged to the surviving husband or parent. But the services of the husband do not belong to the widow nor the services of any person belong to his lineal descendants or to his brothers or sisters. So the death statute does not rest at all upon the common-law rule with reference to the right of the husband or father to the earnings of a wife or minor child. The relation which establishes such right in the husband or father is a condition of fact to be weighed by the jury in estimating damages, a factor in the result, but the damages do not rest exclusively upon that factor. The effect of ch. 305, Laws of 1899, is not to take away the right of action under sec. 4255, *supra*, from any person. Whether the proviso may

be taken to diminish in any degree the damages recoverable under the death statute, it is not necessary to decide here. That it does not entirely bar recovery is apparent from the cases of *Tuteur v. C. & N. W. R. Co.* 77 Wis. 505, 46 N. W. 897; *Thompson v. Johnston Bros. Co.* 86 Wis. 576, 57 N. W. 298, and many other cases in this court, as well as from the words of the statute. The doubt suggested in *Dralle v. Reedsburg,* 140 Wis. 319, 122 N. W. 771, is whether this proviso, by taking away the right of recovery from the husband or parent, left the injured party in a position to recover this same element of damage which otherwise would belong to the husband or parent. It is not always a bar to recovery of damages that the person recovering owes a debt or duty concerning the sum recovered to another person, unless that other person has himself a right of action against the defendant. On the other hand, there are cases and instances to the contrary of this. This point has not been briefed or argued and it is not involved in the decision upon the demurrer, and therefore we leave it still a question for future consideration. It follows from what has been said that the demurrer to the second count of the complaint was incorrectly sustained.

*By the Court.*—On the plaintiff's appeal the order sustaining the demurrer to the second cause of action is reversed, and on the defendant's appeal the order overruling the demurrer to the first cause of action is reversed, and the cause remanded for further proceedings; without costs to either party, except that each party must pay half the clerk's fees.